IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Robert J. URBAN, Attorney at Law.

Supreme Court

*No. 96–2664–D.  Submitted on briefs February 20,
1998.—Filed March 12, 1998.*

(Also reported in 574 N.W.2d 651.)

For the Board of Attorney's Professional Responsibility the cause was submitted on the briefs of *Patricia D. Jursik*, Board Counsel and *Jursik & Jursik*, Cudahy.

For Robert J. Urban, the cause was submitted on the brief of *Robert Silverstein* and *Law Office of Robert Silverstein*, Milwaukee.

¶ 1. PER CURIAM. This an appeal by the Board of Attorneys Professional Responsibility (Board) from the referee's disciplinary recommendation of a 90-day license suspension for Attorney Urban's failure to act with reasonable diligence and promptness in handling four probate estates, his numerous misrepresentations to the probate court of the causes for his continued failure to complete one of them timely, and his failure to cooperate with the Board during its investigation of his conduct. The Board argued that the seriousness of that misconduct, in light of prior misconduct for which Attorney Urban has been disciplined, warrants the suspension of his license to practice law for six months. Attorney Urban took the position that the discipline recommended by the referee is appropriate. Neither the Board nor Attorney Urban appealed from the referee's additional recommendation that as a condition on his continued practice he be required to file periodically with the Board for two years a list of probate matters he has pending in any court, with pertinent information concerning those matters.

¶ 2. We determine that Attorney Urban's misconduct in his handling of these four estates, particularly, his repeated misrepresentations to the court concerning his work in one of them, warrants a

six-month suspension of his license to practice law. The fact that he has been disciplined twice for misconduct similar to that considered in this proceeding, including his failure to respond to the Board during its investigations, suggests that Attorney Urban fails to appreciate either his professional duties and responsibilities in representing clients and cooperating with the court's disciplinary system or the need to fulfill those duties and requirements. Under our rules, in order for him to have his license reinstated following that suspension, Attorney Urban will be required to establish that he understands the standards of professional conduct imposed on attorneys and to demonstrate that he will comply with those standards.

¶ 3.   Attorney Urban was admitted to practice law in Wisconsin in 1958 and practices in Milwaukee. He has been disciplined twice for misconduct. In 1984, the court publicly reprimanded him for lack of diligence in the probate of an estate and failure to respond to the Board during its investigation. *Disciplinary Proceedings Against Urban*, 119 Wis. 2d 889, 350 N.W.2d 138. In 1987, the Board privately reprimanded him, with his consent, for failure to forward files to a client despite numerous requests for them, failure to notify the client of the receipt of funds belonging to the client, and failure to respond promptly to the Board's inquiries into the matter.

¶ 4.   In the instant proceeding, the parties stipulated to the following facts, and the referee, Attorney Kathleen Callan Brady, made corresponding findings concerning Attorney Urban's conduct in the probate of four estates and during the Board's investigation of that conduct. In the first of the four probate matters, Attorney Urban was appointed personal representative February 1, 1988. He did not file the estate's

inventory within the six-month statutory period and did not request an extension of time to do so. After the probate court had issued five orders to show cause, he filed the inventory six months late. He made a tax tender of $13,000 to the Wisconsin Department of Revenue in December, 1988 and by the end of 1989 had distributed about 90 percent of the estate's assets, which totaled over $296,000.

¶ 5.   After those distributions were made, the only remaining assets in the estate were three mutual funds with balances totaling $10,000 and a $2,600 bank account. From July, 1989 to November, 1994, a bank trust officer made 12 requests on behalf of one of the heirs for the distribution of the remaining assets and for the closing of the estate. The trust officer then filed a grievance with the Board. Attorney Urban did not contact the transfer agents to arrange the transfer of the mutual fund balances and did not transfer those funds until early 1996.

¶ 6.   The hearing on the final account in the estate was held July 13, 1990, 29 months after the probate commenced. However, because Attorney Urban did not file the final judgment or closing certificate from the Wisconsin Department of Revenue, the estate could not be closed. In addition, Attorney Urban had been informed of the decedent's failure to file income tax returns for 1982 to 1987, and he was required to reconstruct returns for those six years. Yet, he did not contact either the Internal Revenue Service or the Wisconsin Department of Revenue to obtain their records concerning the decedent's income for those years. He did not file the income tax returns for 1984 to 1987 until July, 1994, and he filed the reconstructed returns for 1982 and 1983 in February, 1995.

¶ 7.   Pursuant to statute, this estate should have been closed in August, 1989. From then until May 4, 1995, when final judgment was entered, the probate court had entered 24 orders to show cause why the estate had not been closed. The estate remained open for more than seven and one-half years, and the heirs did not receive the balance of its assets for six years.

¶ 8.   Following receipt of the grievance, the Board asked Attorney Urban for a response and for his file in the matter. Attorney Urban did not respond within the 20 days specified, nor did he respond to the Board's second request. Three days after the date specified for response, he telephoned the Board and requested an additional 10 days to respond, and the Board gave him one week to do so. At the end of that week, Attorney Urban delivered his response in person. Thereafter, the Board sought additional information concerning the status of the estate, but Attorney Urban did not respond timely and did not respond at all to the Board's request for information concerning the status of the three mutual funds remaining in the estate. When he appeared for an investigative meeting, he did not bring the complete file with him, as he was required to do, and did not respond to the Board's request to produce documentation establishing that the delay in concluding the estate was in part the result of problems with the tax department.

¶ 9.   The referee concluded that Attorney Urban failed to act with reasonable diligence and promptness in representing this estate, in violation of SCR 20:1.3,[1] by failing to probate it timely, respond timely to

---

[1] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

requests from the Department of Revenue, and promptly distribute estate assets, notwithstanding repeated requests from the heirs and their representatives. He also failed to cooperate with the Board's investigation, in violation of SCR 22.07(2) and (3)[2] and 21.03(4).[3]

¶ 10. During its investigation of that estate matter, the Board discovered that Attorney Urban had failed to act timely in three other probate matters. In one of those, after the admission of the will and Attorney Urban's appointment as personal representative on March 8, 1990, the court file showed no activity for

---

[2] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

[3] SCR 21.03 provides, in pertinent part:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

the next seven months other than the withdrawal of an order appointing appraisers. When the inventory was not filed within the statutory six-month period, the court issued an order to show cause setting a December 13, 1990 hearing date. The matter was then adjourned to February 8, 1991, at which time Attorney Urban filed the inventory listing the estate's value of just over $1,000,000, consisting of $90,000 of real estate, a brokerage account of $867,000, two savings accounts totaling $40,000, and jewelry and furniture valued at approximately $5,000. Attorney Urban's file disclosed that he had the necessary documentation to file the inventory by May of 1990, but he did not do so until nine months later, five months after the statutory deadline.

¶ 11. On May 6, 1991, the register in probate informed Attorney Urban that the estate had been pending for over 14 months without a final hearing and specified the items that had to be filed. When no extension to close the estate was requested, the probate court issued an order to show cause September 23, 1991. After some 15 subsequent adjournments of order to show cause proceedings, the estate remained open in mid-June, 1996. At that time, the $40,000 in the accounts had not been distributed, and anticipated tax refunds of some $30,000 remained outstanding as the result of Attorney Urban's failure to file inheritance and estate tax returns. In addition, state and federal fiduciary income tax returns had not been filed because, according to Attorney Urban, the files inadvertently had been placed in a separate file and were not discovered until the summer of 1996. Attorney Urban filed the state inheritance tax return and the federal estate tax return in November, 1996, claiming

in each of them a partial refund of the tax tenders he had made.

¶ 12.    Attorney Urban had distributed $966,000 to the decedent's sole heir in February, 1993 but did not file the heir's receipt when the hearing was held on the final account the following month. Also, he had not filed any fiduciary tax returns and had not distributed all of the estate's assets. Accordingly, the matter was continued.

¶ 13.    At numerous appearances before the probate court on orders to show cause why the estate had not been closed, Attorney Urban repeatedly misrepresented to several probate court judges that he was awaiting clearances from state and federal tax authorities and that there were disputes and an audit involving estate and inheritance tax refunds. He misrepresented that he was engaged in a problem with the Wisconsin Department of Revenue and was "fighting with them" for a closing certificate and for a refund. In fact, there was no tax audit nor were there tax disputes pending. When he made those misrepresentations, Attorney Urban knew he had not filed the returns claiming the refunds, had never requested refunds or closing certificates, and had not been in communication with the Department of Revenue about disputed tax issues.

¶ 14.    The referee concluded that Attorney Urban's failure to act with reasonable diligence and promptness in representing this estate violated SCR 20:1.3 and that his misrepresentations to the court were in violation of SCR 20:3.3(a)(1).[4]

---

[4] SCR 20:3.3 provides, in pertinent part:

**Candor toward the tribunal**
(a)    A lawyer shall not knowingly:
(1)    make a false statement of fact or law to a tribunal;

¶ 15.  The referee concluded that Attorney Urban failed to act with reasonable diligence and promptness in representing another estate, in violation of SCR 20:1.3, which he was retained to probate by the decedent's wife and sole heir in May, 1993. The gross value of the estate was approximately $27,000. One of the two commercial properties of which the estate consisted was in the process of being sold, and it was discovered that the wife did not have the right to convey the real estate without probate. On June 7, 1993, after a petition was filed for informal administration, the wife, who was personal representative, was able to close the sale of the commercial property.

¶ 16.  There was no further activity in the estate for over six months, and the court issued an order to show cause why the inventory had not been filed. Attorney Urban filed the inventory on the return date of that order, but nothing more was done in the estate for the next six months. The register in probate notified Attorney Urban that the estate had been pending for over 14 months and specified the items that needed to be filed. When Attorney Urban did not file those documents, the court issued an order to show cause November 29, 1994 why the estate had not been closed. When Attorney Urban failed to close the estate within 18 months and did not request an extension of time to do so, the court ordered him to appear on five successive dates between January, 1995 and May, 1996. As of June 19, 1996, he had not filed the fiduciary tax returns in the estate.

¶ 17.  In the last of the four probate matters, Attorney Urban was retained in November, 1994 to probate an estate that consisted of a one-half interest in a parcel of real estate and a $50 savings bond. The gross value of the estate was just over $30,000. The real

estate was in the process of being sold when the surviving spouse discovered that it had not been transferred to her in joint tenancy. After an application for informal administration was filed, the spouse was able to close the sale of the property.

¶ 18.   There was no further activity in that estate for the next seven months, and the court issued an order to show cause why the inventory had not been filed. When the inventory was not filed by the return date of that order and Attorney Urban did not obtain an extension of time to file it, the court adjourned the order to show cause, and Attorney Urban filed the inventory six days after the return date of that order.

¶ 19.   In February, 1996, the register in probate informed Attorney Urban that the estate had been pending for over 14 months and specified the documents that needed to be filed. Even though the estate remained open beyond 18 months from the date of filing of the application for informal administration, Attorney Urban never requested an extension of time. The estate finally was closed on August 28, 1996.

¶ 20.   The referee concluded that Attorney Urban failed to act with reasonable diligence and promptness in representing this estate by failing to probate it timely and timely prepare its tax returns, in violation of SCR 20:1.3.

¶ 21.   During its investigation into his conduct in those matters, Attorney Urban did not respond to the Board's initial letter asking for a report of the current status of each of them and for an estimate of when each would be closed. He did not respond to the Board's second letter seeking the same information within the time required. When he did not return the admission of service of the notice to attend an investigative meeting, the Board had him served by a process server. The

referee concluded that Attorney Urban failed to cooperate with the Board's investigation into these matters, in violation of SCR 22.07(2) and (3) and 21.03(4).

¶ 22. In recommending a 90-day license suspension and the imposition of a reporting condition on Attorney Urban's continued practice of law following reinstatement, the referee rejected Attorney Urban's contention that in the estate in which he made repeated misrepresentations to the probate court concerning tax problems, he was merely attempting to protect the heir, who at the time was anticipating a divorce. The referee noted Attorney Urban's testimony that he became aware of the heir's marital problems only after he had made the initial $966,000 distribution to her. Consequently, for over the following three years he never advised the probate court of that asserted concern.

¶ 23. The referee also rejected the Board's position that a six-month license suspension should be recommended in order that, as a condition of reinstatement of his license, Attorney Urban be required to show that he has a proper understanding of and attitude toward the standards imposed on lawyers and that he will act in conformity with them. The referee asserted that, as he had stipulated to his violations of the pertinent disciplinary rules and took full responsibility for his misconduct, Attorney Urban has shown that he understands those standards. The referee also noted that there was no evidence of theft or conversion of estate assets or that Attorney Urban acted out of a selfish motive. Further, although initially failing to cooperate with the Board in its investigation, he eventually cooperated after he retained counsel in the matter.

¶ 24.   In this appeal, the Board contended that the 90-day suspension recommended by the referee does not adequately measure the seriousness of Attorney Urban's multiple misrepresentations to the probate court concerning the delay in closing one of the estates. Those misrepresentations, it argued, together with Attorney Urban's prior misconduct and the other violations of the professional conduct rules established in this proceeding, call for a six-month license suspension, in addition to the reporting requirement recommended by the referee. We agree.

¶ 25.   Between December 13, 1990 and February 8, 1996, Attorney Urban appeared before a number of judges in Milwaukee county probate court on orders to show cause why an estate had not been completed. On 11 occasions over that period of time, he misrepresented to the court that there were ongoing disputes with the federal and state tax authorities and that he was "fighting" with the state revenue department to obtain funds and a closing certificate. On one occasion, he told the court that there was a tax audit pending, despite the fact that he never had been in communication with the Department of Revenue.

¶ 26.   Those misrepresentations, made to prevent the disclosure of Attorney Urban's failure to meet his professional responsibilities in concluding the probate of the estate, are egregious. Moreover, their seriousness is exacerbated by Attorney Urban's attempt to explain them as his effort to assist his client in retaining the assets remaining to be distributed. Even if that claim were sustainable, it would constitute his abuse of the court system to benefit a client.

¶ 27.   In light of the seriousness of his misconduct in these four probate matters, the two reprimands imposed on him for prior misconduct, some of which is

the same as established in the instant proceeding, and his continued refusal to meet his responsibility to cooperate with the Board, a six-month suspension of Attorney Urban's license to practice law is the appropriate discipline to impose. Pursuant to SCR 22.28(3), that suspension will require Attorney Urban to obtain an order of this court reinstating his license, after establishing that he has met the requirements for reinstatement set forth in that rule. In addition to the license suspension, we impose the reporting condition recommended by the referee.

¶ 28.   IT IS ORDERED that the license of Robert J. Urban to practice law in Wisconsin is suspended for a period of six months, commencing April 27, 1998.

¶ 29.   IT IS FURTHER ORDERED that for a period of two years following reinstatement of his license, Robert J. Urban shall comply with the reporting requirement recommended by the referee in this proceeding.

¶ 30.   IT IS FURTHER ORDERED that within 60 days of the date of this order, Robert J. Urban pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Robert J. Urban to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 31.   IT IS FURTHER ORDERED that Robert J. Urban comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.