## In Matter of Disciplinary Proceedings Against Hamm.

*No. 76–622–D. Submitted June 21, 1977.—Decided July 1, 1977.*
(Also reported in 255 N.W.2d 308.)

For the Board of State Bar Commissioners: *Roy J. Wilcox* of Eau Claire.

*Donald L. Hamm,* pro per.

*PER CURIAM.* This is a disciplinary proceeding initiated by the Board of State Bar Commissioners against Donald L. Hamm, an attorney licensed to prac-

tice law in this state since 1957 and who maintained an office at Wisconsin Dells. The complaint filed by the Board had four counts alleging professional misconduct: (1) In representing Norris A. Jones in a personal injury matter, Hamm unilaterally attempted to change the terms of a fee arrangement and in so doing attempted to charge a clearly excessive fee; (2) In handling the estate of Janet L. Holt, Hamm deposited estate funds in his trust account rather than the estate account, either contrary to the directions of the personal representative or without notifying the representative, failed to provide the representative with requested information, failed to pay over to the representative and heirs funds of the estate to which they were entitled, and failed to handle the estate promptly despite repeated requests; (3) Hamm failed to provide authorization to the State Bar District Grievance Committee to inspect his trust account records; (4) In representing Gary Fader in connection with tax matters, misallocated funds paid by Fader to Hamm, neglected to communicate with the Wisconsin Department of Revenue thereby causing Fader to incur additional costs, and failed to turn over to Fader funds in a trust account and to close out promptly the trust account.

Hamm was served with a copy of the complaint by the sheriff of Columbia County on April 27, 1977. Hamm has failed to respond to the complaint or the order to answer. The Board then filed a motion for default judgment. Again Hamm has failed to respond to this motion.

The complaint charges Hamm with serious professional misconduct which, if true, would constitute grounds for disbarment. In view of Hamm's failure to respond to the complaint or the default motion, we must accept the allegations as true. *In re Corning,* 76 Wis.2d 385, 251 N.W.2d 475 (1977).

On the basis of the foregoing, we find Donald L. Hamm guilty of professional misconduct and order that his license to practice law be revoked.

IT IS ORDERED AND ADJUDGED that the license to practice law issued to Donald L. Hamm is hereby revoked.