IN MATTER OF DISCIPLINARY PROCEEDINGS AGAINST MARINE, Attorney at Law.

*No. 77-355-D. Submitted December 14, 1977.—*
*Decided April 5, 1978.*
(Also reported in 264 N.W.2d 290.)

For Board of State Bar Commissioners: *Robert H. Bichler* of Racine.

*Gerald F. Marine,* pro se.

*PER CURIAM.* This matter comes before the court upon a motion of the Commission for default judgment. The complaint against Gerald F. Marine alleges that he was admitted to the Bar of the State of Wisconsin on June 8, 1959, and sets forth six instances of unprofessional conduct.

It is first alleged that in November of 1975 the defendant agreed to represent Mrs. Donna Baxter on the collection of monies overdue as support payments from her former husband. As fees for his representation, defendant specified a retainer of $250 and 20% of amounts collected. In April of 1976, $1,000 was paid by Mr. Baxter by way of cashier's check on the arrearage. Defendant directed Mrs. Baxter to endorse the check and indicated it would be deposited in his trust account and the balance, after deducting the fees, would be paid to Mrs. Baxter. The complaint alleges that Attorney Marine has failed to this date to deliver any said funds to Mrs. Baxter in spite of her repeated requests and that the funds as received have been converted to Marine's own use. It is further alleged that all trust account records relating to this transaction have been destroyed by defendant in violation of sec. 256.293, Stats.

The complaint, as a second claim for discipline, alleges that Attorney Marine agreed to represent one Mrs. Klumb in a pending divorce action. Upon undertaking such representation, Attorney Marine entered a fee contract which provided that he would receive 25% of the

share of the marital estate received by his client, but not more than $10,000. Mrs. Klumb received a $30,000 property division in the divorce action, and Attorney Marine collected $7,500 from the proceeds of the property division. The complaint alleges that the fee as charged and collected was illegal as against public policy and in violation of DR2–106. After the receipt of Mrs. Klumb's property settlement in the amount of $30,000, Marine requested that Mrs. Klumb make a personal loan of her funds to him at an interest rate of 15%. In making such a proposal, it is alleged that Marine did not disclose all the risk of such a loan, that the proposal that his client make such a loan to himself was in violation of DR5–104, and that the rate of interest as proposed was illegal by reason of being a violation of ch. 138 of the Wisconsin Statutes.

The third claim for discipline set forth in the complaint alleges that in July of 1976, a Mrs. Hanzel retained the defendant to represent her in a divorce action. Marine indicated the total fee would be $5,000 and he was paid $2,800 toward that fee. In the course of the divorce proceedings, Mr. Marine caused the divorce complaint to be served before the time allowed by statute, and counsel for Mr. Hanzel moved to dismiss the complaint. Mrs. Hanzel lost confidence in the professional ability of Mr. Marine and she dismissed him on May 14, 1977. She demanded a return of the file relating to this matter, a return of some of the items of personal property which had been delivered to Mr. Marine, and an accounting of the fees paid. It is alleged that Mr. Marine failed to return the file until early August of 1977, and that he has failed to this date to return the items of personal property and to give an accounting of the fees paid.

The complaint, as a fourth claim for discipline, alleges that on October 8, 1976, Mr. Marine agreed to represent a Mrs. Friedel on the collection of support

arrearage owed by her former husband. Mr. Marine informed her that his fee would be a $250 retainer plus 25% of the amount collected. The $250 retainer was paid. Within two months, Mrs. Friedel discharged Marine because of his failure to adequately perform the requested services. Mrs. Friedel demanded return of the fees paid and demanded the return of her papers. The pleading avers that the defendant has failed to return the papers or to account for the fees.

The fifth claim for discipline set forth in the complaint alleges that on December 21, 1975, a Mr. Higbee retained Marine to represent him in connection with a divorce judgment which had been granted on June 30, 1975 in an action between Mr. Higbee and his former wife. Marine quoted a fee of $1,000 for his services and was paid $700. Mr. Higbee made many calls to the defendant's office and requested a response. Marine failed to respond and on March 15, 1976, Mr. Higbee discharged him and demanded the return of the file and of the fees paid. The complaint alleges that Attorney Marine has failed to return the file and has failed to give an accounting for the fees paid.

The sixth claim for discipline alleges that in May of 1976, Marine undertook to represent a Mrs. Kaiser for the purpose of bringing a divorce action. It is alleged that after the commencement of the divorce action, Attorney Marine neglected to pursue the matter further and failed to respond to phone calls from this client.

Personal service of the complaint and order to answer was made on the defendant, Gerald F. Marine, on November 3, 1977. However, he has wholly failed to answer or otherwise respond to the complaint.

In view of the failure to answer to the verified complaint, we must now accept as true the allegations contained therein. *In re Hamm,* 79 Wis.2d 1, 255 N.W.2d 308 (1977); *In re Corning,* 76 Wis.2d 385, 251 N.W.2d

475 (1977). Therefore, we find Gerald F. Marine to be guilty of unprofessional conduct; and

It is Ordered and Adjudged that the license granted to Gerald F. Marine to practice law in this state is hereby revoked and annulled for due cause and his name is removed from the roll of lawyers of this court; that the State Bar of Wisconsin notify the courts of record of this state of this order by sending each a copy thereof; that he notify his clients now represented by him in all matters involving the practice of law, or all matters pending in any court of this state, that his license to practice law in this state has been revoked.

ABRAHAMSON, J., took no part.