IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
James H. DUMKE, Attorney at Law.

Supreme Court

No. 92-1551-D. Filed October 14, 1992.

(Also reported in 489 N.W.2d 919.)

PER CURIAM. *Attorney disciplinary proceeding;
attorney's license suspended.*

We review the recommendation of the referee that the license of James H. Dumke to practice law in Wisconsin be suspended for six months as discipline for professional misconduct. His misconduct consisted of neglecting clients' legal matters, failing to provide competent representation to clients, misrepresenting to clients the status of their matters and failing to keep them reasonably informed, failing to act with reasonable diligence and promptness in representing clients, failing to cooperate in the investigation of his conduct by the Board of Attorneys Professional Responsibility (Board) and, as a prosecutor, communicating with a party known to be represented by counsel without the counsel's consent.

We determine that the six-month license suspension recommended by the referee is appropriate discipline to be imposed for Attorney Dumke's professional misconduct established in this proceeding. By that misconduct,. Attorney Dumke has shown a pattern of neglecting client legal matters and raised serious question concerning his competence to represent clients in the private practice of law. Further, he misrepresented the work he had done in client matters in order to prevent clients from discovering his incompetence or neglect. Moreover, his misconduct was not confined to private practice; as a prosecutor he violated one of the fundamental ethical rules that forbids an attorney from communicating with a person in an adversary situation when the attorney knows that person is represented by counsel and does not first obtain that counsel's consent to the communication. The serious nature of the totality of Attorney Dumke's misconduct warrants a severe sanction to impress upon him the need to scrupulously adhere to the rules of professional conduct for attorneys,

as well as to deter him and other attorneys from engaging in similar misconduct in the future.

Attorney Dumke was admitted to practice law in Wisconsin in 1983 and currently practices in Janesville. This is the first time he has been involved in a disciplinary proceeding. Pursuant to the parties' stipulation of facts and conclusions regarding the applicable ethical rules, the referee, Attorney Rudolph P. Regez, made the following findings of fact.

In the summer of 1986 a man retained Attorney Dumke to represent him in a personal injury action. Although he filed a summons and complaint in circuit court naming a tractor dealership and its insurer as defendants, Attorney Dumke never served the summons and complaint on either of them. Subsequent settlement negotiations were unsuccessful and on January 26, 1987 the court sent Attorney Dumke a notice that the case would be dismissed for failure to file proof of service unless a motion to continue the action were filed. When Attorney Dumke failed to file that motion, the court dismissed the action on February 24, 1987 and gave Attorney Dumke notice of the dismissal.

Notwithstanding that dismissal, Attorney Dumke continued to discuss settlement with the insurer but never told his client that the case had been dismissed or that there was no possibility of proceeding with it, as the statute of limitations on the client's claim had expired. In 1990, Attorney Dumke took a position as assistant district attorney for Rock county and did nothing further on the client's case. The client ultimately retained other counsel to file a malpractice action against Attorney Dumke, which action was pending at the time the disciplinary hearing in this proceeding was held. The referee concluded that Attorney Dumke neglected this client's legal matter, in violation of former SCR 20.32(3)

and current SCR 20:1.3,[1] and misrepresented to the client the status of his matter, in violation of former SCR 20.04(4) and current SCR 20:8.4(c).[2]

In another matter, a woman retained Attorney Dumke in August, 1988 to seek an increase in child support from her former husband. Although he filed a motion seeking an increase in child support and obtained a hearing date, Attorney Dumke did not obtain service of the papers on the former husband and appeared at the hearing to obtain a continuance in order to do so. The court continued the matter to September 12, 1988 but Attorney Dumke did not appear on the continued date, which resulted in the removal of the case from the court's calendar. Attorney Dumke, who did not normally practice family law and was unfamiliar with it, then commenced work as assistant district attorney and did nothing further in this client's matter.

The client made numerous telephone calls to Attorney Dumke inquiring into the status of the matter and Attorney Dumke gave her excuses why it had not been resolved and led her to believe that he was actively working on it. At one point, he told his client that she had prevailed in the matter but that the case was being appealed. He later told her that she was unsuccessful in the appeal in regard to medical expenses but did obtain

[1]SCR 20:1.3 provides:

**Diligence**
 A lawyer shall act with reasonable diligence and promptness in representing a client.

[2]SCR 20:8.4 provides:

**Misconduct**
 It is professional misconduct for a lawyer to:
 . . .
 (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

an increase in child support. In fact, no decision of any court was issued in the matter.

When a grievance had been filed against him in this matter, the Board of Attorneys Professional Responsibility notified Attorney Dumke and requested a response within 20 days. When it received no response, the Board sent him a certified letter, to which he made no response. Thereafter, the district professional responsibility committee sent him a notice by certified mail of a hearing on the grievance but the notice was returned unclaimed, as was a certified notice sent to the district attorney's office where he was employed. Nonetheless, Attorney Dumke appeared and stated that he had not responded to the Board's inquiries because he did not deny any of the allegations in his client's grievance.

The referee concluded that Attorney Dumke neglected this client's legal matter, in violation of SCR 20:1.3, failed to provide his client with competent representation, in violation of SCR 20:1.1,[3] misrepresented to his client the status of her matter, in violation of SCR 20:8.4(c), failed to keep the client informed of the pending matter, in violation of SCR 20:1.4(a),[4] and failed to cooperate in the Board's investigation, in violation of

---

[3]SCR 20:1.1 provides:

**Competence**
A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

[4]SCR 20:1.4 provides:

**Communication**
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

SCR 21.03(4)[5] and 22.07(2).[6]

In a third matter, a man retained Attorney Dumke in March, 1988 to petition the court for release of a judgment against him and file a satisfaction of the judgment. The judgment creditor previously had agreed with the client that it would not object to a release of the judgment. Attorney Dumke obtained $50 from the client and told him he would receive a copy of the satisfaction within 30 days.

Two months later, the client called Attorney Dumke concerning the satisfaction and was told he would receive it within the next two weeks. Two months after that, the client went to Attorney Dumke's office, where he was told that the satisfaction would be on the secretary's desk on a specified date. When the client arrived on that date to obtain the satisfaction, the law office was closed. The client made several other unsuccessful

---

[5]SCR 21.03 provides:

**General principles**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[6]SCR 22.07 provides:

**Investigation**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

attempts to obtain the satisfaction and was unsuccessful in reaching Attorney Dumke, who failed to return his telephone calls and a certified letter. The referee concluded that Attorney Dumke failed to act in this client's matter with reasonable diligence and promptness, in violation of SCR 20:1.3.

During its investigation of this matter, the District Professional Responsibility Committee sought to have Attorney Dumke file the satisfaction of judgment for this client. When he did not do so, the Board issued a public reprimand to Attorney Dumke, to which he consented. Attorney Dumke also agreed to complete the filing of the satisfaction of judgment, but as of the date of the disciplinary hearing, he had not done so. In his report, the referee noted that Attorney Dumke and his attorney agreed at the hearing that they would take all necessary steps to procure the judgment satisfaction without further expense to the client.

After leaving private practice and taking a position as assistant district attorney for Rock county, Attorney Dumke, in his capacity as prosecutor, met with a man being held in jail on criminal charges. The man had been in contact with the county narcotics enforcement unit in an attempt to obtain a favorable resolution of the pending charges, on which he was represented by counsel. The man told his attorney his offer to have a friend assist in drug investigations.

Knowing the man was represented by counsel, Assistant District Attorney Dumke met with the man to negotiate with him on the pending charges. He did so without the knowledge, presence or consent of the man's attorney and he negotiated considerations the man would receive in exchange for his friend's assistance to the law enforcement agency. In particular, he told the man that the prosecution would agree to a reduced sen-

tence of 10 years on the pending charges in exchange for the friend's purchase of controlled substances.

Thereafter, Attorney Dumke gave the man a written contract for his signature setting forth the agreement concerning sentence recommendation. The contract made no provision for the signature of the man's attorney and when the man stated that he wanted to talk to his attorney about the agreement, he was told it did not concern his attorney. The man did not sign the agreement. The referee concluded that in this matter Attorney Dumke violated SCR 20:4.2, which prohibits a lawyer from communicating about the subject of representation with a party the lawyer knows to be represented by another lawyer, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

As discipline for this misconduct, the referee recommended that the court suspend Attorney Dumke's license to practice law for six months. The referee also recommended that Attorney Dumke be required to pay the costs of this proceeding.

We adopt the referee's findings of fact and conclusions of law and agree that a six-month license suspension is appropriate discipline to be imposed as a sanction for this misconduct. Following his failure to provide timely and competent representation to his clients in private practice, Attorney Dumke continued to violate his professional duty as a prosecutor. In this regard, the referee noted that Attorney Dumke no longer serves as assistant district attorney, as he was asked to and did resign from that position in March, 1992.

IT IS FURTHER ORDERED that the license of James H. Dumke to practice law in Wisconsin is suspended for a period of six months, commencing November 16, 1992.

IT IS FURTHER ORDERED that within 60 days of the date of this order James H. Dumke pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of James H. Dumke to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that James H. Dumke comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.