IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
James H. DUMKE, Attorney at Law.

Supreme Court

*No. 97–1200–D. Filed March 12, 1998.*

(Also reported in 574 N.W.2d 241.)

¶ 1. PER CURIAM. We review the recommendation of the referee that the license of James H. Dumke to practice law in Wisconsin be suspended for one year as discipline for professional misconduct and that as a condition for reinstatement of his license, Attorney Dumke be required to show that he has attended continuing legal education programs in subjects he intends to continue practicing and demonstrate an understanding of the consequences of his misconduct to his client and its effect on the public's perception of the legal profession. Attorney Dumke's misconduct consisted of his failing to meet with a client following his assignment by the Public Defender's office to pursue an appeal or other postconviction relief, failing to take any action to pursue an appeal on the client's behalf, failing to communicate directly with the client and inform him of his conclusion that there were no appealable issues, failing to ensure that communications he had with the client's family members were communicated to the client, misrepresenting to the client's family that he had taken actions on behalf of the client, misrepresenting to that client's attorney in a deportation matter that he had filed an appeal, and failing to respond timely to letters from the Board of Attorneys Professional Responsibility (Board) inquiring into his conduct in this matter.

¶ 2. We determine that the recommended one-year license suspension is the appropriate discipline to impose for Attorney Dumke's professional misconduct. The recommended reinstatement condition is unnecessary because the referee's concerns to which it is directed are adequately addressed by the requirements of the reinstatement rule, SCR 22.28(4).[1] This is the

---

[1] SCR 22.28 provides, in pertinent part:

third time Attorney Dumke will have been disciplined for the same or similar professional misconduct. His failure to act on his clients' behalf, especially those who are incarcerated, and his misrepresentations to conceal his inaction constitute a serious breach of his professional responsibility to clients, the courts, and the legal system.

¶ 3. Attorney Dumke was admitted to practice law in Wisconsin in 1983 and practices in Janesville. He has been disciplined twice previously for professional misconduct. In 1990, he consented to a public reprimand from the Board for failing to release a judgment lien on behalf of a client for which he had been retained, failing to respond to the client's numerous telephone calls and a certified letter requesting information about the matter, misrepresenting to the Board that he had forwarded the judgment satisfaction for docketing, failing to initiate a legal action on behalf of another client, failing to respond to numerous phone calls and a certified letter from that client seeking information in the matter, and misrepresenting to the client that a court date had been scheduled and subsequently adjourned. In 1992, the court suspended his license for six months as discipline for neglecting clients' legal matters, failing to provide competent

---

**Reinstatement.**

. . .

(4) The petition for reinstatement shall show that:

. . .

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general aid in the administration of justice as a member of the bar and as an officer of the courts. . . .

representation to clients, misrepresenting to clients the status of their matters and failing to keep them reasonably informed, failing to act with reasonable diligence and promptness in representing clients, failing to cooperate in the Board's investigation of his conduct, and, as a prosecutor, communicating with a party known to be represented by counsel without that counsel's consent. *Disciplinary Proceedings Against Dumke*, 171 Wis. 2d 47, 489 N.W.2d 919.

¶ 4. The referee in the instant proceeding, Attorney Linda Balisle, made the following findings of fact following a disciplinary hearing. In December, 1994, Attorney Dumke was appointed by the State Public Defender to represent a man who had been convicted, sentenced, and imprisoned on drug charges. After reviewing the trial transcripts, Attorney Dumke concluded that there were no appealable issues, but he never communicated that determination to the client or to anyone on the client's behalf. He never met personally with the client and did not arrange for the assistance of an interpreter, as the client did not speak English.

¶ 5. One year after Attorney Dumke's appointment in this matter, the client wrote the Public Defender complaining that his attorney had done nothing in the case, although he told the client's family members that he had scheduled postconviction proceedings. In fact, Attorney Dumke had not commenced any proceedings on the client's behalf. Following receipt of the client's letter, the Public Defender reminded Attorney Dumke of his responsibility in the matter, including acting with reasonable diligence and promptness and keeping the client informed.

¶ 6. At some point in 1996, the client's brother asked Attorney Dumke to represent the client in a

478

deportation proceeding. Attorney Dumke agreed to try to locate the client, who by then had been released from prison, and learned that an immigrant rights organization was appearing on the client's behalf in the deportation matter. When he spoke with the deportation counsel, Attorney Dumke said he had filed an appeal of the client's criminal conviction, when in fact he had not. Under immigration law, an appeal of a conviction has to be filed in order for a person to be released on bond and have the deportation proceedings suspended. When he did not receive a copy of the notice of appeal of the criminal conviction, deportation counsel told the immigration court that an appeal had been filed. Attorney Dumke ultimately filed an untimely motion for new trial, and the State Public Defender then filed a notice of appeal of the criminal conviction after obtaining an extension of time to do so in order to prevent the client's deportation.

¶ 7. Attorney Dumke failed to cooperate with the Board in its investigation into this matter by not providing timely responses to two inquiries. While acknowledging the facts found by the referee, he did not believe he violated any professional conduct rules. The referee found that Attorney Dumke has not demonstrated any remorse for his conduct or for the peril in which he placed the client with the Immigration and Naturalization Service.

¶ 8. On the basis of those facts, the referee concluded that by failing to meet with his client or arrange for an interpreter to facilitate a meeting with him and by failing to take any action to pursue an appeal on the client's behalf, Attorney Dumke violated SCR 20:1.3,[2]

---

[2] SCR 20:1.3 provides:

**Diligence**

requiring a lawyer to act with reasonable diligence and promptness in representing a client. By misrepresenting to the deportation counsel that he had filed an appeal on the client's behalf, leading that counsel to make incorrect statements to the immigration court, Attorney Dumke engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of SCR 20:8.4(c).[3] He violated the same provision by misrepresenting to the client's family that he had taken certain actions on the client's behalf. By failing to communicate directly with the client, inform the client he had concluded there were no appealable issues, and ensure that his communications with the client's family members were communicated to the client, Attorney Dumke failed to explain a legal matter to a client to the extent reasonably necessary to permit the client to make informed decisions regarding the lawyer's representation, in violation of SCR 20:1.4(b).[4] Finally, by failing to respond timely to the Board's two inquiries into this matter, Attorney Dumke failed to cooperate in

---

A lawyer shall act with reasonable diligence and promptness in representing a client.

[3] SCR 20:8.4 provides, in pertinent part:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[4] SCR 20:1.4 provides, in pertinent part:

**Communication**

. . .

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

the Board's investigation, in violation of SCR 22.07(2) and (3)[5] and 21.03(4).[6]

¶ 9. The referee observed that Attorney Dumke's conduct did not appear to reflect his lack of knowledge about proper procedures to be followed but, rather, his unwillingness to follow those procedures and his willingness to misrepresent his actions to a client and to the client's other counsel. The referee also noted that his misconduct in this matter and that for which he was disciplined on two prior occasions demonstrate that Attorney Dumke will not alter his conduct in the future.

---

[5] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

[6] SCR 21.03 provides, in pertinent part:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

¶ 10. We adopt the referee's findings of fact and conclusions of law and determine that the recommended one-year license suspension is the appropriate discipline to impose for Attorney Dumke's professional misconduct established in this proceeding. We do not impose the recommended condition on reinstatement, as there has been no showing that Attorney Dumke lacks the legal knowledge necessary to represent clients and the requirements for reinstatement imposed by rule are sufficient to address the referee's other concerns.

¶ 11. IT IS ORDERED that the license of James H. Dumke to practice law in Wisconsin is suspended for a period of one year, commencing April 27, 1998.

¶ 12. IT IS FURTHER ORDERED that within 60 days of the date of this order, James H. Dumke pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of James H. Dumke to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 13. IT IS FURTHER ORDERED that James H. Dumke comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.