IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
James H. DUMKE, Attorney at Law.

Supreme Court

*No. 98–0530–D. Filed October 8, 1998.*

(Also reported in 584 N.W.2d 539.)

 

¶ 1. PER CURIAM. We review the recommendation of the referee that the license of James H. Dumke to practice law in Wisconsin be suspended for one year as discipline for professional misconduct, commencing April 27, 1999, the date on which Attorney Dumke's current disciplinary suspension is set to expire. That misconduct consisted of failing to act with reasonable diligence in representing a client seeking postconviction relief, notwithstanding a court order in the matter, failing to respond to requests from the Board of Attorneys Professional Responsibility (Board) and the district committee investigator for information in that client's matter, and failing to respond to the district committee's requests for information concerning his conduct in another client's matter.

¶ 2. In addition to the license suspension, the referee recommended that in the event he applies for license reinstatement, Attorney Dumke be required to produce proof of having undergone counseling or treatment specifically directed to correcting his lack of ability or concern to represent his clients promptly and diligently. In that regard, the referee noted that Attorney Dumke has been disciplined for professional misconduct on three prior occasions and that the misconduct considered in this proceeding is the same kind that led to his current one-year license suspension. The referee expressed serious concern that the customary reinstatement process will adequately address his demonstrated propensity to fail to act on behalf of clients in criminal matters. The referee believed a condition requiring counseling or treatment is neces-

sary to ensure that those who might rely on Attorney Dumke in the future to represent them in criminal matters are not victimized by his failure to promptly and diligently represent their interests.

¶ 3. We determine that Attorney Dumke's professional misconduct established in this proceeding warrants the suspension of his license to practice law for a period of one year, consecutive to the suspension to which his license currently is subject. This is the fourth occasion Attorney Dumke has been disciplined for professional misconduct, evidencing a pattern of failure to provide clients with the representation to which they are entitled, as well as failure to respond to the disciplinary authorities investigating reports of his misconduct. We share the concern expressed by the referee concerning Attorney Dumke's practice of law in the future and determine that the reinstatement condition the referee recommended should be imposed to afford the necessary protection to future clients, the courts, and the public.

¶ 4. Attorney Dumke was licensed to practice law in Wisconsin in 1983 and practices in Janesville. In 1990, he consented to a public reprimand from the Board for failing to release a judgment lien on behalf of a client, failing to respond to the client's numerous telephone calls and a certified letter requesting information about the matter, misrepresenting to the Board that he had forwarded the judgment satisfaction for docketing, failing to initiate legal action on behalf of another client, failing to respond to numerous phone calls and a certified letter from that client seeking information in the matter, and misrepresenting to the client that a court date had been scheduled and subsequently adjourned. In 1992, the court suspended his license for six months for neglecting clients' legal mat-

254

ters, failing to provide competent representation to clients, misrepresenting to clients the status of their matters and failing to keep them reasonably informed, failing to act with reasonable diligence and promptness in representing clients, failing to cooperate in the Board's investigation of his conduct and, as a prosecutor, communicating with a party known to be represented by counsel without that counsel's consent. *Disciplinary Proceedings Against Dumke*, 171 Wis. 2d 47, 489 N.W.2d 919.

¶ 5. In 1998, the court suspended Attorney Dumke's license for one year for failing to meet with a client after being assigned by the State Public Defender to pursue an appeal or other postconviction relief, failing to take any action to pursue an appeal on the client's behalf, failing to communicate directly with the client and inform him of the conclusion he had reached that there were no appealable issues, failing to ensure that communications he had with the client's family members were communicated to the client, misrepresenting to the client's family that he had taken actions on behalf of the client, misrepresenting to that client's attorney in a deportation matter that he had filed an appeal, and failing to respond timely to Board inquiries into his conduct in the matter. *Disciplinary Proceedings Against Dumke*, 216 Wis. 2d 474, 574 N.W.2d 241.

¶ 6. In the instant proceeding, Attorney Dumke did not file an answer to the Board's complaint, but during a scheduling conference he admitted to the allegations set forth in it. The referee, Attorney David Friedman, made findings of fact accordingly.

¶ 7. After being appointed trial counsel by the State Public Defender for a person convicted in March, 1995, Attorney Dumke prepared a notice of intent to

pursue postconviction relief, but the court file indicated that the notice never was filed. In mid-April, 1995, Attorney Dumke filed a motion in the Court of Appeals for an extension of time to file the client's notice of intent to seek postconviction relief. The court extended the time for filing until April 28, 1995, but Attorney Dumke did not file a notice of intent or any other responsive document.

¶ 8. The client then filed on his own behalf a motion seeking an extension of time to file a notice of intent to pursue postconviction relief. Noting its prior order, the Court of Appeals ordered Attorney Dumke to state within 10 days whether the prior extension had been put to good use, thereby making the client's pro se motion moot, or if no notice was filed during the previous extension, why it was not filed. In response, Attorney Dumke told the court he did not receive its prior order and said that a notice of intent had been filed, but he did not provide a copy of that notice or state when it was filed. He said that if necessary, he would file another notice of intent. The court then ordered Attorney Dumke to research whether it was necessary to file or refile a notice of intent or, if that relief had been pursued, to provide the court the details regarding the notice and its resolution. Attorney Dumke did not respond to that order or to a subsequent order of the Court of Appeals extending the time for a response.

¶ 9. Attorney Dumke did not respond to two written requests from the Board for information regarding that matter. He also did not respond to a letter and a telephone call from the district professional responsibility committee investigator.

¶ 10. In another matter, Attorney Dumke was retained to represent a client in a divorce proceeding,

for which he requested and received a $1500 retainer. Attorney Dumke provided legal services to that client for approximately two months, after which the client decided to retain another attorney due to dissatisfaction with those services. When the client asked for a refund of the unused portion of the retainer, Attorney Dumke said that it was nonrefundable. Attorney Dumke did not respond to two letters from the district committee investigator to whom the client's grievance was referred.

¶ 11. The referee concluded that Attorney Dumke failed to act with reasonable diligence in representing his client in the postconviction matter, in violation of SCR 20:1.3,[1] and failed to cooperate with the Board's investigation in the two client matters, in violation of 21.03(4)[2] and 22.07(2) and (3).[3]

---

[1] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing clients.

[2] SCR 21.03 provides, in pertinent part:

**General principles.**
. . .
(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[3] SCR 22.07 provides, in pertinent part:

**Investigation.**
. . .
(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide

¶ 12. We adopt the referee's findings of fact and conclusions of law and determine that his professional misconduct established in this proceeding warrant the suspension of Attorney Dumke's license to practice law for a period of one year following the suspension to which his license now is subject. Further, we impose as a condition of the reinstatement of his license that Attorney Dumke provide satisfactory evidence to the Board that he has received counseling or treatment specifically directed to his correcting his lack of ability or concern to represent clients promptly and diligently.

¶ 13. IT IS ORDERED that the license of James H. Dumke to practice law in Wisconsin is suspended for one year as discipline for professional misconduct, commencing April 27, 1999.

¶ 14. IT IS FURTHER ORDERED that as a condition of reinstatement of his license to practice law, James H. Dumke show the court that he has received counseling or treatment as specified herein.

¶ 15. IT IS FURTHER ORDERED that within 60 days of the date of this order, James H. Dumke pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of James H. Dumke to practice

information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

law in Wisconsin shall remain suspended until further order of the court.

¶ 16. IT IS FURTHER ORDERED that James H. Dumke comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.