IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST James H. DUMKE, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY, Complainant,

v.

James H. DUMKE, Respondent.

Supreme Court

*No. 99–0126–D. Filed June 30, 1999.*

(Also reported in 595 N.W.2d 703.)

¶ 1. PER CURIAM. We review the recommendation of the referee that the court suspend the license of Attorney James H. Dumke to practice law in Wisconsin for one year, consecutive to the suspension of his license currently in effect, as discipline for professional misconduct. That misconduct consisted of Attorney Dumke's failure to provide competent representation and act with reasonable diligence and promptness in a client's civil action, agreeing to divide attorney fees with other counsel without obtaining client consent and engaging in an ex parte communication with the court in that matter, making misrepresentations to a client in another matter and failing to act with reasonable diligence and promptness in representing her, and failing to respond to inquiries from the Board of Attorneys Professional Responsibility (Board) regarding that client's grievance.

¶ 2. We determine that the recommended license suspension is appropriate discipline to impose for Attorney Dumke's professional misconduct established in this proceeding. This is the fifth time that he will be disciplined for breach of his professional obligations and violation of the court's rules governing the professional conduct of attorneys. It is also the second occasion we have had to extend an existing suspension of his license.

¶ 3. Attorney Dumke was admitted to practice law in Wisconsin in 1983 and, until his license was suspended in 1998, practiced in Janesville. He previ-

ously has been disciplined for professional misconduct four times. In 1990 he consented to a public reprimand from the Board for failing to release a judgment lien on behalf of a client, failing to respond to the client's numerous telephone calls and a certified letter requesting information about the matter, misrepresenting to the Board that he had forwarded a judgment satisfaction for docketing, failing to initiate legal action on behalf of another client, failing to respond to numerous phone calls and a certified letter from that client seeking information in the matter, and misrepresenting to the client that a court date had been scheduled and subsequently adjourned.

¶ 4.   In 1992 his license was suspended for six months for neglecting clients' legal matters, failing to provide competent representation to clients, misrepresenting to clients the status of their matters and failing to keep them reasonably informed, failing to act with reasonable diligence and promptness in representing clients, failing to cooperate in the Board's investigation of his conduct, and, while a prosecutor, communicating with a party known to be represented by counsel without that counsel's consent. *Disciplinary Proceedings Against Dumke*, 171 Wis. 2d 47, 489 N.W.2d 919.

¶ 5.   In 1998 his license was suspended for one year for failing to meet with a client after being assigned by the state public defender to pursue an appeal or other postconviction relief, failing to take any action to pursue an appeal on the client's behalf, failing to communicate directly with the client and inform him of the conclusion he had reached that there were no appealable issues, failing to ensure that communications he had with the client's family members were communicated to the client, misrepresenting to the client's family that he had taken actions on behalf of the

client, misrepresenting to that client's attorney in a deportation matter that he had filed an appeal, and failing to respond timely to Board inquiries into his conduct in the matter. *Disciplinary Proceedings Against Dumke*, 216 Wis. 2d 475, 574 N.W.2d 241.

¶ 6.   Later in 1998 the court suspended his license for one year, consecutive to the earlier one-year suspension, as discipline for his failure to act with reasonable diligence in representing a client in a post-conviction matter and failure to cooperate with the Board's investigation into two client matters. *Disciplinary Proceedings Against Dumke*, 221 Wis. 2d 252, 584 N.W.2d 539. That suspension commenced April 27, 1999, and continues in effect.

¶ 7.   Attorney Dumke did not file a responsive pleading to the Board's complaint in the instant proceeding, and at the hearing on the Board's motion for default judgment, he stated that he did not oppose entry of judgment based on the complaint or the imposition of a one-year suspension of his license consecutive to the suspension currently in force. Accordingly, the referee, Attorney Cheryl Rosen Weston, made findings of fact pursuant to the Board's complaint.

¶ 8.   In August 1996, less than two months prior to trial scheduled on a personal injury action in circuit court, Illinois counsel for the plaintiffs asked Attorney Dumke for assistance in the matter. Attorney Dumke and Illinois counsel agreed to split the fees to be paid in that action, although Illinois counsel had not consulted with the clients concerning Attorney Dumke's participation in the matter.

¶ 9.   Approximately one week before trial, Attorney Dumke sent a request for substitution of the judge assigned to the case but did not send a copy to the judge

or to counsel for the defendants, as required by statute. The substitution request also violated the statute that requires a request for substitution of judge to be made within 24 hours of receiving the judicial assignment notice when the trial is less than 10 days away.

¶ 10.  Approximately five days before the scheduled trial, Illinois counsel contacted the clients and told them there would be no trial because of the request for substitution. That was the first time the clients were informed of Attorney Dumke's involvement in the case. When the clients contacted the court to confirm that the matter had been continued, they were told that the case remained on the trial calendar as scheduled. Neither Illinois counsel nor Attorney Dumke had called the court to confirm the continuance they expected to receive.

¶ 11.  On the day of trial, counsel for the defendants and his witnesses appeared for trial but Illinois counsel, Attorney Dumke, and the clients did not appear. After being contacted by the court on that day, Attorney Dumke went to the courthouse and opposed the defendants' motion to dismiss for failure to prosecute, and the court took that motion under advisement. The clients were unaware of what had occurred until almost one week later, when Illinois counsel wrote them a letter explaining the situation.

¶ 12.  The referee concluded that by failing to meet the statutory requirements for the substitution of judge motion, failing to seek confirmation that the trial had been continued, and failing to appear at trial, Attorney Dumke failed to provide competent representation to the clients, in violation of SCR 20:1.1,[1] and

---

[1] SCR 20:1.1 provides:

**Competence**

failed to act with reasonable diligence and promptness, in violation of SCR 20:1.3.[2] By agreeing to divide attorney fees with Illinois counsel in the matter without first obtaining the clients' consent and giving them the opportunity to object to the participation of other attorneys in the case, he violated SCR 20:1.5(e).[3] By failing to promptly notify adverse counsel of the written request for substitution of judge, he had an ex parte communication, in violation of SCR 20:3.5(b).[4]

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

[2] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[3] SCR 20:1.5 provides, in pertinent part:

**Fees**
. . .
(e)   A division of fee between lawyers who are not in the same firm may be made only if:
(1)   the division is in proportion to the services performed by each lawyer or, by written agreement with the client, each lawyer assumes joint responsibility for the representation;
(2)   the client is advised of and does not object to the participation of all the lawyers involved and is informed if the fee will increase as a result of their involvement; and
(3)   the total fee is reasonable.

[4] SCR 20:3.5 provides, in pertinent part:

**Impartiality and decorum of the tribunal**
A lawyer shall not:
. . .
(b)   communicate ex parte with such a person except as permitted by law or for scheduling purposes if permitted by the court. If communication between a lawyer and judge has occurred in order to schedule a matter, the lawyer involved shall promptly

¶ 13. In another matter, Attorney Dumke was hired in October 1996 to represent a woman in post-divorce matters. He assured the client that court dates had been set to deal with the relevant issues and told the client that he would request an extension of time to take an appeal. In fact, no court dates in the matter had been scheduled. The client's repeated calls and attempts to meet him at his office were unsuccessful. Attorney Dumke did not respond to two written requests from the Board for a response to the client's grievance.

¶ 14. The referee concluded that Attorney Dumke's misrepresentation to his client that he had scheduled two court dates constituted conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of SCR 20:8.4(c).[5] His failure to provide any meaningful legal services to the client constituted a failure to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3. His failure to respond to letters from the Board con-

---

notify the lawyer for the other party or the other party, if unrepresented, of such communication;

[5] SCR 20:8.4 provides, in pertinent part:

**Misconduct**
It is professional misconduct for a lawyer to:

. . .

(c)  engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

cerning the client's grievance violated SCR 21.03(4)[6] and 22.07(2).[7]

¶ 15. As discipline for that misconduct, the referee recommended that Attorney Dumke's license to practice law be suspended for one year, consecutive to the one-year suspension currently in effect. The referee noted that the misconduct established in the instant proceeding is not dissimilar to that for which Attorney Dumke has been disciplined previously. Moreover, when he undertook representation in the two matters considered in this proceeding, Attorney Dumke was under investigation by a district professional responsibility committee for acts of neglect and misrepresentation that ultimately led to the imposition of the first one-year suspension in 1998. The referee considered that Attorney Dumke thus had sufficient

---

[6] SCR 21.03 provides, in pertinent part:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[7] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

notice of the need to be mindful of his professional responsibilities.

¶ 16. We adopt the referee's findings of fact and conclusions of law and determine that the recommended one-year consecutive license suspension is the appropriate discipline to impose for Attorney Dumke's professional misconduct established in this proceeding. It is also appropriate that Attorney Dumke be required to pay the costs of this proceeding, as the referee recommended.

¶ 17. IT IS ORDERED that the license of James H. Dumke to practice law in Wisconsin is suspended for one year, commencing April 27, 2000.

¶ 18. IT IS FURTHER ORDERED that within 60 days of the date of this order, James H. Dumke pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of James H. Dumke to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 19. IT IS FURTHER ORDERED that James H. Dumke comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.