In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
James H. DUMKE, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

James H. DUMKE, Respondent.

Supreme Court

*No. 01–1338–D. Filed November 21, 2001.*

2001 WI 122

(Also reported in 635 N.W.2d 594.)

¶ 1. PER CURIAM. We review the recommendation of the referee that Attorney James H. Dumke's license to practice law in Wisconsin be suspended for two years for professional misconduct consisting of failing to provide competent representation to a client in violation of SCR 20:1.1.[1] The referee also recommended that Attorney Dumke be required to pay the costs of this disciplinary proceeding.

¶ 2. We determine that the seriousness of Attorney Dumke's professional misconduct, plus his failure to respond and cooperate in this disciplinary investigation and proceeding, warrant a suspension of his license to practice law for two years.[2]

¶ 3. Attorney Dumke was admitted to practice law in Wisconsin in 1983 and, until his license was suspended in 1998, practiced in Janesville. This is the sixth time that he will be disciplined for breach of his

---

[1] SCR 20:1.1 provides that "[a] lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[2] Effective October 1, 2000, Wisconsin's attorney disciplinary process underwent a substantial restructuring. The name of the body responsible for investigating and prosecuting cases involving attorney misconduct was changed to the Office of Lawyer Regulation ("OLR") and the supreme court rules applicable to the lawyer regulation system were also revised. Although most of the conduct giving rise to this case occurred prior to October 1, 2000, the OLR was the investigative body that filed this disciplinary complaint. References to supreme court rules in this opinion will be to those currently in effect unless specifically noted.

professional obligations and violation of the court's rules governing the professional conduct of attorneys.[3]

¶ 4.    On May 17, 2001, the Office of Lawyer Regulation (OLR) filed a complaint against Attorney Dumke alleging the one count of professional misconduct described above. Despite repeated notifications and requests, Attorney Dumke did not file an answer to the complaint, nor did he respond to numerous attempts to contact him about it. Consequently, the OLR filed a motion for default judgment and served Attorney Dumke with that motion. In addition, the referee appointed in this matter, Attorney Rose Marie Baron, repeatedly, but unsuccessfully, attempted to contact Attorney Dumke by letter and telephone advising him of an upcoming telephonic scheduling conference and asking that he contact her and provide a telephone number where he could be reached for that conference call. Attorney Dumke, however, did not do so and did not participate in the telephonic scheduling conference that was held. As a result, the referee entered a default judgment pursuant to SCR 22.15(1),[4] based on Attorney Dumke's failure to file an answer to the OLR complaint,

---

[3] Attorney Dumke is currently under a disciplinary suspension. *See Disciplinary Proceedings Against Dumke,* 227 Wis. 2d 340, 595 N.W.2d 703 (1999). In addition, Attorney Dumke's disciplinary record reflects a public reprimand in 1990; a six-month suspension in 1992, *Disciplinary Proceedings Against Dumke,* 171 Wis. 2d 47, 489 N.W.2d 919 (1992); a one-year suspension in 1998, *Disciplinary Proceedings Against Dumke,* 216 Wis. 2d 475, 574 N.W.2d 241 (1998); and a second suspension later in 1998, *Disciplinary Proceedings Against Dumke,* 221 Wis. 2d 252, 584 N.W.2d 539 (1998).

[4] SCR 22.15(1) provides:

> (1) The referee shall hold a scheduling conference within 20 days after the time for answer and may do so by telephone. Each

his failure to participate in the scheduling conference and his failure to otherwise cooperate in the disciplinary proceedings.

¶ 5. The referee thereafter filed findings of fact and conclusions of law and a recommendation for disciplinary sanctions against Attorney Dumke. Neither Attorney Dumke nor the OLR have appealed the referee's report and recommendation.

¶ 6. The referee's findings and conclusions tracked[5] the OLR's complaint which alleged Attorney Dumke's misconduct relating to his representation of a client, Robert P., who had been convicted in 1986 of first-degree sexual assault and sentenced to 16 years in prison. On October 1, 1996, before Robert P. had reached his mandatory release date, the state filed a petition under Wis. Stat. ch. 980 alleging that Robert P. was a sexually violent person. Robert P. then retained Attorney Dumke to represent him in the sexual predator proceedings. Robert P.'s mother paid Attorney Dumke a retainer fee of $5000.

¶ 7. After a probable cause hearing on the ch. 980 petition, Robert P. was placed in secure custody at the Wisconsin Resource Center. Attorney Dumke requested a lengthy continuance of the matter asserting that he wanted an expert to review the state's report support-

---

party shall participate in person or by counsel. If no answer is filed, the referee may hear any motions, including a motion for default, at the scheduling conference.

[5] An allegation of professional misconduct against an attorney in a disciplinary proceeding may be accepted as true where the attorney has failed to answer or otherwise respond to the complaint or default motion. *Disciplinary Proceedings Against Marine,* 82 Wis. 2d 612, 264 N.W.2d 290 (1978); *Disciplinary Proceedings Against Hamm,* 79 Wis. 2d 1, 255 N.W.2d 308 (1977); and *Disciplinary Proceedings Against Corning,* 76 Wis. 2d 385, 251 N.W.2d 475 (1977).

ing the ch. 980 petition concerning his client. Attorney Dumke stated that he would inform the court when he was ready to proceed in the matter. His request for a continuance was granted on November 15, 1996.

¶ 8. Circuit court records reflect that no further activity in the ch. 980 proceedings against Robert P. occurred during the first half of 1997. Subsequently the Robert P. matter was assigned to Dane County Circuit Judge Sarah O'Brien and scheduled for trial to commence on October 30, 1997. On that scheduled trial date Robert P. appeared represented by Attorney Dumke. Robert P. then waived his right to trial and admitted the allegations in the sexual predator petition. As a result, Robert P. was found to be subject to commitment under ch. 980. At a subsequent dispositional hearing, Robert P., again represented by Attorney Dumke, stipulated to being confined at a secure mental health facility for treatment.

¶ 9. In November 1998 Attorney Dumke withdrew from the Robert P. matter. Successor counsel was appointed and an appeal was filed. Robert P.'s new counsel also filed a motion asking the appellate court to remand the matter to the circuit court for a hearing on a claim of ineffective assistance of counsel against Attorney Dumke. That remand motion was granted and an evidentiary hearing on that claim was held in the circuit court at which Attorney Dumke, Robert P., and two experts testified.

¶ 10. The OLR disciplinary complaint against Attorney Dumke in this matter alleged, and the referee so found, that before being retained by Robert P., Attorney Dumke had not previously represented a ch. 980 client or otherwise handled a ch. 980 case. Attorney Dumke knew, however, that his client was entitled to an expert witness in the ch. 980 proceedings and also knew that

his client was entitled to a court-appointed expert. The OLR's complaint against Attorney Dumke alleged, and the referee so found, that Robert P.'s mother told Attorney Dumke that she would be willing to hire an expert on her son's behalf if one were needed. Attorney Dumke, however, never arranged for an expert to testify on Robert P.'s behalf in the ch. 980 proceeding.

¶ 11. The referee also found that Attorney Dumke was unfamiliar with the testing methods and risk analysis on which the state's experts in the ch. 980 proceedings had based their opinions that Robert P. was a sexually violent person. Furthermore, the referee determined that Attorney Dumke had no experience in cross examining experts on those subjects and that he never reviewed with Robert P. the risk factor analysis or other instruments used by the state's experts in ch. 980 cases. Also, the referee found that Attorney Dumke never obtained an expert or submitted any documents or reports to an expert to review either for evaluative or testimonial purposes, or to help him prepare for cross examination of the state's experts.

¶ 12. The OLR disciplinary complaint against Attorney Dumke further alleged, and the referee so found, that Attorney Dumke had failed to adequately investigate the sexual predator petition against his client, Robert P. In this respect, at the hearing on the ineffective assistance of counsel claim, Judge O'Brien ruled that given the nature of the ch. 980 evidence and in light of Attorney Dumke's inexperience with that kind of evidence, he could not have performed an adequate investigation or preparation without hiring an expert for the ch. 980 proceeding.

¶ 13. In addition, the OLR alleged, and the referee so found, that Attorney Dumke's rationale for not hiring an expert in the Robert P. matter—i.e. that it was

"too risky" because the expert might provide an unfavorable opinion—was flawed because if Attorney Dumke had retained an expert on behalf of his client, that expert would not be required to disclose unfavorable results unless the expert testified.

¶ 14.　Furthermore, the referee in this matter determined that Attorney Dumke had failed to adequately advise Robert P. of the advantages and disadvantages of proceeding to trial on the ch. 980 petition. The referee noted that at the hearing on the ineffective assistance of counsel claim, Robert P. asserted that if he had been informed by Attorney Dumke that there was a basis upon which to challenge the state's experts' opinions and reports at trial, Robert P. would have elected to have a trial on the ch. 980 petition.

¶ 15.　The referee also observed that following the evidentiary hearing on the ineffective assistance of counsel claim, the state filed a post-hearing brief in the circuit court conceding that Robert P. should be granted a new dispositional hearing in the ch. 980 matter in the interest of justice.

¶ 16.　In addition, the referee noted that in August 1999, Judge O'Brien ruled that Attorney Dumke's performance in representing Robert P. in the ch. 980 proceedings had been deficient and that Robert P. had been prejudiced by the ineffective representation. Accordingly, Judge O'Brien vacated the finding that Robert P. was a sexually violent person under ch. 980 and set the matter for trial. However, before that trial commenced, the circuit court reviewed the entire record in the ch. 980 proceeding against Robert P. and determined that the evidence failed to establish that Robert P. was a sexually violent person. As a result, the state's ch. 980 petition against Robert P. was dismissed and he was released from custody. Robert P.'s release occurred

more than three years after his mandatory release date on his sentence imposed on the underlying criminal conviction.

¶ 17. The OLR complaint against Attorney Dumke alleged, and the referee so found, that after undertaking to represent a client in a specialized area of law with which he was unfamiliar and inexperienced, Attorney Dumke had failed to gain the requisite knowledge, do the necessary preparation, or seek appropriate assistance to enable him to provide adequate representation in the matter. Accordingly, the referee concluded that Attorney Dumke had failed to provide competent representation to a client in violation of SCR 20:1.1.

¶ 18. The referee rejected the OLR's recommendation that as an appropriate sanction, Attorney Dumke's license should be suspended for one year; instead, the referee determined that Dumke's failure to file an answer and to respond to repeated correspondence from the OLR should be taken into account and should be given great weight in assessing the appropriate discipline to be recommended. Thus, the referee recommended that, under the circumstances, Attorney James Dumke's license to practice law in this state should be suspended for a period of two years. The referee explained:

> Mr. Dumke's failure to adequately represent his client [Robert P.], resulted in [Robert P.'s] confinement in a secure mental health facility for an additional three years. The deprivation of a person's freedom because of a lawyer's incompetence shocks the conscience and brings public condemnation on the legal profession. Such an attorney's behavior goes beyond failing to return phone calls or act with reasonable diligence in representing a client—actions which have led to [Attorney Dumke's] prior one-year suspensions. The referee

711

does not believe that another one-year suspension will have any effect on Mr. Dumke's willingness to abide by the rules set forth in SCR Chapter 20.

¶ 19. In addition to recommending a two-year suspension, the referee recommended that Attorney Dumke be required to pay the costs of these proceedings which total $1151.68.

¶ 20. We adopt the referee's findings of fact and agree with the conclusions of law set forth in the referee's report. In addition, we accept the referee's recommended two-year license suspension as an appropriate sanction reflecting the serious nature of Attorney Dumke's misconduct. Attorney Dumke's misconduct in failing to provide competent representation to his client and his failure to cooperate with the OLR investigation and proceedings are serious failings warranting a suspension of his license. We believe that a two-year suspension of Attorney Dumke's license to practice law is an appropriate discipline for his professional misconduct established in this proceeding. It is also appropriate that Attorney Dumke be required to pay the costs of this proceeding, as the referee recommended. Accordingly,

¶ 21. IT IS ORDERED that the license of James H. Dumke to practice law in Wisconsin is suspended for two years commencing this date.

¶ 22. IT IS FURTHER ORDERED that within 60 days of the date of this order, James H. Dumke pay to the Office of Lawyer Regulation the costs of this proceeding totaling $1151.68. If the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time,

the license of James H. Dumke to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 23.  IT IS FURTHER ORDERED that James H. Dumke comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.