In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Donald HAHNFELD, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Donald HAHNFELD, Respondent.

Supreme Court

*No. 2010AP2538–D.—Decided March 1, 2012.*

2012 WI 17

(Also reported in 809 N.W.2d 382.)

¶ 1. PER CURIAM. We review, pursuant to SCR 22.17(2),[1] the findings of fact, conclusions of law, and recommendations of Referee Jonathan V. Goodman concluding that Attorney Donald Hahnfeld engaged in unprofessional conduct in the course of his practice of law in violation of the Rules of Professional Conduct. The referee recommended a one-year suspension of

---

[1] SCR 22.17(2) states:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

Attorney Hahnfeld filed an untimely appeal. On September 13, 2011, this court dismissed the appeal as untimely and established a briefing schedule. Attorney Hahnfeld failed to file a brief. Consequently, the court considered the matter without briefs.

Attorney Hahnfeld's license, restitution of $6,000, and imposition of costs, which total $7,109.37 as of August 8, 2011.

¶ 2. We approve the referee's findings of fact and conclusions of law and agree that Attorney Hahnfeld's misconduct warrants the suspension of his license for a period of one year. We also order Attorney Hahnfeld to make restitution of $6,000 to the Wisconsin Lawyers' Fund for Client Protection, and we order him to pay the full costs of this proceeding.

¶ 3. Attorney Hahnfeld was admitted to practice law in Wisconsin in 1987 and practices in West Allis. He was publicly reprimanded in 1993 for neglecting five client matters. He was publicly reprimanded again in 2003 for continuing in a divorce representation despite a conflict of interest and for filing a frivolous defamation lawsuit. In 2007 his license was suspended for 60 days for misconduct that included a lack of diligence, failure to communicate, failure to explain the basis or rate of his fee, failure to return a client's file, and failure to cooperate with the Office of Lawyer Regulation (OLR) in three separate matters. *See In re Disciplinary Proceedings Against Hahnfeld,* 2007 WI 123, 305 Wis. 2d 48, 739 N.W.2d 280.

¶ 4. On October 18, 2010, the OLR filed a complaint alleging nine counts of misconduct in connection with his representation of A.H., who retained him to represent her in a post-judgment paternity matter relating to modification of placement/visitation. At the time A.H. retained Attorney Hahnfeld, he was the subject of a disciplinary proceeding in which the OLR sought a 60–day suspension of his law license. On October 4, 2007, this court issued an order suspending Attorney Hahnfeld's license to practice law for 60 days, effective November 8, 2007.

744

¶ 5. Between the time A.H. retained Attorney Hahnfeld in July of 2007 and the effective date of the eventual suspension, A.H. and Attorney Hahnfeld corresponded regularly by e-mail and telephone. In September 2007, following resolution of a support issue, Attorney Hahnfeld raised the issue of the costs and fees that would be associated with pursuing the custody/placement issue. On October 3, 2007, A.H. paid Attorney Hahnfeld $6,000, $1,000 of which was to be applied to costs. Attorney Hahnfeld did not deposit the funds in his trust account and did not inform A.H. in writing of a lawyer's obligation upon termination of the representation to refund any unearned portion of the fee and to provide an accounting. The parties did not enter into a written attorney fee agreement.

¶ 6. From the time he received the attorney fees until the time of his suspension, Attorney Hahnfeld had regular contact with A.H., during which he discussed a proposed motion for change of child placement. He never expressly discussed his suspension or how it might affect his representation of A.H.

¶ 7. On October 15, 2007, the OLR sent Attorney Hahnfeld a letter informing him of his responsibilities upon suspension with respect to terminating his practice. This included notification to clients and the need to file an affidavit with the OLR showing compliance with the suspension responsibilities. Attorney Hahnfeld filed an affidavit of compliance with the OLR dated November 30, 2007. In the affidavit he falsely claimed he had one open file and that he retained no client funds in trust. A.H. was not listed as a client, and Attorney Hahnfeld never sent A.H. the required certified mail notice of his suspension.

¶ 8. On November 9, 2007, the day after his suspension took effect, Attorney Hahnfeld suggested to

A.H. in an e-mail a tentative January 2008 court date. In order to hold the court date, Attorney Hahnfeld would have had to file a motion in the case, and he was prohibited from doing this because of his suspension.

¶ 9. The earliest date that Attorney Hahnfeld's license could have been reinstated was January 7, 2008. In fact, his license was not reinstated until February 12, 2008.

¶ 10. In December 2007 and January 2008, A.H. and Attorney Hahnfeld exchanged e-mails about his representation. Attorney Hahnfeld said he had another attorney assisting him with certain client matters. A.H. declined Attorney Hahnfeld's offer to bring in another attorney, saying she was not comfortable with that, and she wanted to get the proceedings moving. At no time during these communications did Attorney Hahnfeld tell A.H. about his suspension or how his inability to practice law could affect her case.

¶ 11. On January 24, 2008, A.H. learned from a third party that Attorney Hahnfeld's license had been suspended. She e-mailed Attorney Hahnfeld that same day terminating the representation and requesting a full refund. Attorney Hahnfeld never refunded any money to A.H. The State Bar of Wisconsin's Lawyers' Fund for Client Protection subsequently paid A.H. $6,000.

¶ 12. A.H. filed a grievance with the OLR on April 3, 2008. Attorney Hahnfeld failed to timely respond to the OLR's requests for information about the grievance.

¶ 13. On October 18, 2010, the OLR filed a complaint alleging the following counts of misconduct with respect to Attorney Hahnfeld's representation of A.H.:

746

## COUNT 1

[COUNT 1] By failing to deposit $5,000.00 in payment of legal fees in trust and/or failing to inform the client in writing of the lawyer's obligation upon termination of the representation to refund any unearned portion of the fee and to provide an accounting, [Attorney] Hahnfeld violated SCR 20:1.15(b)(4) and (4m).[2]

---

[2] SCRs 20:1.15(b)(4) and (4m) state as follows:

(4) Unearned fees and cost advances. Except as provided in par. (4m), unearned fees and advanced payments of fees shall be held in trust until earned by the lawyer, and withdrawn pursuant to sub. (g). Funds advanced by a client or 3rd party for payment of costs shall be held in trust until the costs are incurred.

(4m) Alternative protection for advanced fees. A lawyer who accepts advanced payments of fees may deposit the funds in the lawyer's business account, provided that review of the lawyer's fee by a court of competent jurisdiction is available in the proceeding to which the fee relates, or provided that the lawyer complies with each of the following requirements:

a. Upon accepting any advanced payment of fees pursuant to this subsection, the lawyer shall deliver to the client a notice in writing containing all of the following information:

1. the amount of the advanced payment;

2. the basis or rate of the lawyer's fee;

3. any expenses for which the client will be responsible;

4. that the lawyer has an obligation to refund any unearned advanced fee, along with an accounting, at the termination of the representation;

5. that the lawyer is required to submit any unresolved dispute about the fee to binding arbitration within 30 days of receiving written notice of such a dispute; and

6. the ability of the client to file a claim with the Wisconsin lawyers' fund for client protection if the lawyer fails to provide a refund of unearned advanced fees.

b. Upon termination of the representation, the lawyer shall deliver to the client in writing all of the following:

747

[COUNT 2] By failing to hold in trust the $1,000.00 [A.H.] paid to him for anticipated costs in connection with her representation, [Attorney] Hahnfeld violated SCR 20:1.15(b)(4).

[COUNT 3] By failing to refund advance fees and costs upon termination of the representation, [Attorney] Hahnfeld violated SCR 20:1.16(d).[3]

1. a final accounting, or an accounting from the date of the lawyer's most recent statement to the end of the representation, regarding the client's advanced fee payment with a refund of any unearned advanced fees;

2. notice that, if the client disputes the amount of the fee and wants that dispute to be submitted to binding arbitration, the client must provide written notice of the dispute to the lawyer within 30 days of the mailing of the accounting; and

3. notice that, if the lawyer is unable to resolve the dispute to the satisfaction of the client within 30 days after receiving notice of the dispute from the client, the lawyer shall submit the dispute to binding arbitration.

c. Upon timely receipt of written notice of a dispute from the client, the lawyer shall attempt to resolve that dispute with the client, and if the dispute is not resolved, the lawyer shall submit the dispute to binding arbitration with the State Bar Fee Arbitration Program or a similar local bar association program within 30 days of the lawyer's receipt of the written notice of dispute from the client.

d. Upon receipt of an arbitration award requiring the lawyer to make a payment to the client, the lawyer shall pay the arbitration award within 30 days, unless the client fails to agree to be bound by the award of the arbitrator.

[3] SCR 20:1.16(d) states:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

748

[COUNT 4] By failing to timely notify [A.H.] by certified mail of his suspension and consequent inability to act as an attorney following the effective date of his suspension, [Attorney] Hahnfeld violated SCR 22.26(1)(a).[4]

[COUNT 5] By failing to list [A.H.] as a client in the affidavit he filed with OLR showing compliance with the requirements following suspension, [Attorney] Hahnfeld violated SCR 22.26[(1)](e)(iii),[5] enforced via SCR 20:8.4(f).[6]

[COUNT 6] By continuing to represent [A.H.] throughout the period of his suspension, [Attorney] Hahnfeld engaged in the practice of law, in violation of SCR 22.26(2),[7] enforced via SCR 20:8.4(f).

---

[4] SCR 22.26(1)(a) provides as follows:

On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

[5] SCR 22.26(1)(e)(iii) states:

Within 25 days after the effective date of suspension or revocation, file with the director an affidavit showing all of the following: . . .

(iii) A list of clients in all pending matters and a list of all matters pending before any court or administrative agency, together with the case number of each matter.

[6] SCR 20:8.4(f) states it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers; . . . ."

[7] SCR 22.26(2) states:

An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work

[COUNT 7] By stating in this affidavit dated November 30, 2007, filed pursuant to SCR 22.26(e), he only had one open file and that he retained no client funds in trust when, in fact, he was representing [A.H.] and [A.H.'s] funds remained in his possession, [Attorney] Hahnfeld engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of SCR 20:8.4(c).[8]

[COUNT 8] By failing to timely respond to OLR requests for additional information in connection with the investigation, [Attorney] Hahnfeld failed to cooperate in the investigation of the grievance, in violation of SCR 22.03(6),[9] enforced via SCR 20:8.4(h).[10]

[COUNT 9] By informing OLR in response to the [A.H.] grievance he had fully discussed his impending suspension with his client and made arrangements for the handling of her case by other lawyers while he was suspended, [Attorney] Hahnfeld made a misrepresentation in a disclosure during an investigation, in violation of SCR 22.03(6), enforced via SCR 20:8.4(h).

activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

[8] SCR 20:8.4(c) states it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . . ."

[9] SCR 22.03(6) provides:

In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[10] SCR 20:8.4(h) states it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

¶ 14. Attorney Hahnfeld filed an answer to the complaint on December 3, 2010. Jonathan V. Goodman was appointed referee in the matter. A hearing was held before the referee on May 26, 2011. On July 19, 2011, the referee issued his report and recommendation. The referee found that the OLR had met its burden of proof with respect to all nine counts of misconduct alleged in the complaint. The referee recommended that Attorney Hahnfeld's license be suspended for one year. The referee also recommended that as conditions for the eventual reinstatement of his license, Attorney Hahnfeld be required to reimburse the Lawyers' Fund for Client Protection in the amount of $6,000 and that he pay the full costs of the proceeding.

¶ 15. A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. *See In re Disciplinary Proceedings Against Eisenberg,* 2004 WI 14, ¶ 5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit regardless of the referee's recommendation. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 16. There is no showing that any of the referee's findings of fact are clearly erroneous. Accordingly, we adopt them. We also agree with the referee's conclusions of law that the OLR met its burden of proof with respect to all of the counts of misconduct alleged in its complaint. We further agree that a one-year suspension of Attorney Hahnfeld's license to practice law is an appropriate level of discipline for his misconduct. Although the referee recommended that Attorney Hahnfeld reimburse the Lawyers' Fund for Client Protection and pay the full costs of the proceeding as conditions of his

subsequent potential reinstatement, we deem it appropriate to order restitution and payment of costs regardless of whether Attorney Hahnfeld ever seeks reinstatement.

¶ 17. IT IS ORDERED that the license of Donald Hahnfeld to practice law in Wisconsin is suspended for one year, effective April 2, 2012.

¶ 18. IT IS FURTHER ORDERED that within 60 days of the date of this order, Donald Hahnfeld reimburse the Wisconsin Lawyers' Fund for Client Protection in the amount of $6,000.

¶ 19. IT IS FURTHER ORDERED that within 60 days of the date of this order, Donald Hahnfeld shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and Donald Hahnfeld has not entered into a payment plan approved by the Office of Lawyer Regulation, then the Office of Lawyer Regulation is authorized to move this court for a further suspension of the license of Donald Hahnfeld to practice law in Wisconsin.

¶ 20. IT IS FURTHER ORDERED that Donald Hahnfeld shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.