# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP2362-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against John R. Maynard, Attorney at Law: Office of Lawyer Regulation, Complainant, v. John R. Maynard, Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST MAYNARD

| | |
|---|---|
| OPINION FILED: | March 14, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2013AP2362-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against John R. Maynard, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

    **v.**

**John R. Maynard,**

        **Respondent.**

**FILED**

**MAR 14, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review a stipulation filed pursuant to SCR 22.12[1] by the Office of Lawyer Regulation (OLR) and

---

[1] SCR 22.12 provides: Stipulation.

    (1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

Attorney John R. Maynard. In the stipulation, Attorney Maynard agrees that by failing to give timely written notice of the suspension of his license to practice law, and consequent inability to continue as counsel, to each of his clients; by continuing to practice law after the date this court ordered his license suspended; by knowingly making a false statement to a court that his license had already been reinstated; by repeated use of firm letterhead while he was suspended and other false and misleading communications that he was an attorney permitted to practice law in Wisconsin during the term of his suspension; by failing to fully and fairly disclose all facts and circumstances pertaining to his alleged misconduct; and by filing a complaint that violated Wis. Stat. § 802.05(2), as subsequently determined by a court, a one-year suspension of his license to practice law in Wisconsin is an appropriate level of discipline. There is no request in this matter for a restitution award, nor is there a request for the imposition of costs against Attorney Maynard.

---

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

¶2 After careful review of the matter, we agree that a one-year suspension of Attorney Maynard's license to practice law in Wisconsin is a proper sanction. Since the matter is being resolved without the appointment of a referee, we do not impose any costs on Attorney Maynard.

¶3 Attorney Maynard was admitted to the practice of law in Wisconsin in 1973. He was admitted to practice law in California the same year. On December 29, 2009, this court suspended Attorney Maynard's license to practice law for 90 days, effective February 1, 2010, for failing to notify his former law firm of payments for legal services that he received and deposited in his personal account, and for making false and misleading communications when he failed to identify his "of counsel" status when he used law firm stationery and when he represented on a postal application that he was a principal of the law firm. See In re Disciplinary Proceedings Against Maynard, 2009 WI 106, 322 Wis. 2d 53, 776 N.W.2d 583.

¶4 Attorney Maynard was reinstated from the disciplinary suspension on January 31, 2011. However, his Wisconsin law license was not restored to good standing until May 2, 2011, due to existing administrative suspensions of his license caused by his noncompliance with continuing legal education (CLE) requirements and failure to pay State Bar of Wisconsin dues.

¶5 On September 1, 2011, this court temporarily suspended Attorney Maynard's license to practice law for his willful failure to respond or cooperate in an OLR grievance investigation involving the conduct that is the subject of this

opinion. That temporary suspension remains in effect. In addition to the temporary disciplinary suspension, Attorney Maynard's license to practice law is currently administratively suspended for failure to pay State Bar of Wisconsin dues, failure to file a trust account certification, and noncompliance with CLE requirements.

¶6 Attorney Maynard's license to practice law in California was suspended for 90 days in 2011, as reciprocal discipline to his 90-day suspension in Wisconsin. In 2012 his California license was inactivated for failure to comply with his obligations while he was suspended. On October 15, 2012, his California license was suspended for failure to take and pass the Multistate Professional Responsibility Examination by August 21, 2012, which was a condition of reinstatement. Attorney Maynard was ultimately disbarred from California for his noncompliance, effective August 16, 2013.

¶7 Between the time the Wisconsin suspension order was issued on December 29, 2009, and its February 1, 2010 effective date, Attorney Maynard was in practice as a partner in Maynard, Schmitt & Associates, in Cedarburg, Wisconsin. The only other attorney at the firm was Attorney Maynard's then-partner, Mark S. Schmitt.

¶8 As of February 1, 2010, Attorney Maynard was attorney of record in seven cases pending in the courts and he was also performing legal services for various other clients. On January 29, 2010, Attorney Maynard wrote to one client advising that Attorney Maynard was being suspended from the practice of

4

law for 90 days and would be unable to act as the client's attorney during that period. Rather than advising the client to seek legal advice of his choice elsewhere, as required by SCR 22.26(1)(b), Attorney Maynard said that the pending matters would be handled by Mark Schmitt. The letter went on to say, "As an alternative, you can seek legal services elsewhere regarding these two matters." This letter was the only letter notifying a client of his suspension that Attorney Maynard produced for the OLR, despite the OLR's request for information about, and copies of, all such letters.

¶9 On October 25, 2013, the OLR filed a complaint alleging nine counts of misconduct with respect to Attorney Maynard's failure to give timely written notice of the suspension of his license to practice law as required by SCR 22.26(1); his continuing to practice law during the term of his suspension; misrepresenting himself as an attorney while he was in fact suspended; filing a frivolous complaint; and failing to provide complete information to the OLR during the course of its investigation.

¶10 The complaint alleged the following counts of misconduct:

> [COUNT I] By failing to give timely written notice of the suspension of his license to practice law, and consequent inability to continue as counsel, to each of his clients, to each of the courts before which a client's legal action was pending, and to each other party's counsel in those actions, by failing to advise each of [his] clients, in writing, to seek legal counsel elsewhere, and by failing to provide an affidavit listing all clients in all pending matters

5

and listing all matters pending before any court or administrative agency, Maynard violated SCR 20:8.4(f)[2] and SCR 22.26(1).[3]

---

[2] SCR 20:8.4(f) provides that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers; . . . ."

[3] SCR 22.26(1) states: Activities following suspension or revocation.

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

(c) Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

(d) Within the first 15 days after the effective date of suspension or revocation, make all arrangements for the temporary or permanent closing or winding up of the attorney's practice. The attorney may assist in having others take over clients' work in progress.

(e) Within 25 days after the effective date of suspension or revocation, file with the director an affidavit showing all of the following:

[COUNT II] By swearing in a SCR 22.26(1)(e) affidavit that his name had been removed from the law firm's [stationery] and that there were no pending court matters not identified in his affidavit, and by omitting the names of clients with pending legal matters, when he knew all of that information to be inaccurate and/or incomplete, Maynard violated SCR 20:8.4(c)[4].

[COUNT III] By continuing to practice law in Wisconsin after February 1, 2010, when the Supreme Court of Wisconsin ordered his license suspended, Maynard violated SCR 20:8.4(f), SCR 22.26(2),[5] and SCR 20:5.5(a)(1).[6]

---

(i) Full compliance with the provisions of the suspension or revocation order and with the rules and procedures regarding the closing of the attorney's practice.

(ii) A list of all jurisdictions, including state, federal and administrative bodies, before which the attorney is admitted to practice.

(iii) A list of clients in all pending matters and a list of all matters pending before any court or administrative agency, together with the case number of each matter.

(f) Maintain records of the various steps taken under this rule in order that, in any subsequent proceeding instituted by or against the attorney, proof of compliance with the rule and with the suspension or revocation order is available.

[4] SCR 20:8.4(c) states it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . . ."

[5] SCR 22.26(2) provides as follows:

An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a

7

[COUNT IV] By knowingly making a false statement to the court in the <u>Petrolon v. Badger Sheet Metal Works</u> [(Brown County Case No. 2010CV34)] matter that his license had already been reinstated, and, in a subsequent letter to the same court, by omitting relevant facts and creating the false impression that OLR had consented to his resumption of the practice of law, Maynard violated SCR 20:3.3(a)(1)[7] and SCR 20:8.4(c).

[COUNT V] By repeated use of firm letterhead while he was suspended and multiple other false or misleading communications that he was an attorney permitted to practice law in Wisconsin during his suspension, Maynard violated SCR 20:7.1(a)[8] and SCR 20:7.5(a).[9]

---

commercial employer itself not engaged in the practice of law.

[6] SCR 20:5.5(a)(1) states that a lawyer shall not:

[P]ractice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction except that a lawyer admitted to practice in Wisconsin does not violate this rule by conduct in another jurisdiction that is permitted in Wisconsin under SCR 20:5.5 (c) and (d) for lawyers not admitted in Wisconsin; . . . .

[7] SCR 20:3.3(a)(1) states that a lawyer shall not knowingly "make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; . . . ."

[8] SCR 20:7.1(a) states: "A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it: (a) contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading; . . . ."

[9] SCR 20:7.5(a) provides as follows:

A lawyer shall not use a firm name, letterhead or other professional designation that violates SCR 20:7.1. A trade name may be used by a lawyer in a private practice if it does not imply a connection

[COUNT VI]  By misrepresenting himself to counsel for another party as an attorney while he was suspended, by making conflicting representations about whether he or his partner drafted the Articles of Amendment for Absolute Automations Systems, Inc., by dishonestly claiming lack of knowledge of SCR 22.28, by making selective and incomplete factual representations to create a false impression about OLR's position on his practice of law during May 2010, by deceitfully stating in a letter to OLR that while suspended he had not undertaken work for clients, or filed or attended hearings in any courtroom, by misrepresenting on his "Petition to Voluntarily Surrender a Wisconsin License," that there were no grievances pending against him, Maynard violated SCR 20:8.4(c).

[COUNT VII]  By serving as general counsel for a corporation in Georgia, meeting with corporate management personnel in Georgia to discuss legal issues, giving legal advice to management personnel of the corporation located in Georgia, providing legal documents he prepared to the Georgia corporation and by representing the corporation to others, all without being duly licensed as an attorney in Georgia, Maynard violated SCR 20:5.5(a)(1).

[COUNT VIII]  By failing to fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct, by failing to answer questions and produce documents and information requested by OLR by generally failing to provide relevant information, and by providing incomplete information and information containing misrepresentations, Maynard violated SCR 22.03(2) and SCR 22.03(6),[10] enforced via SCR 20:8.4(h).[11]

---

with a government agency or with a public or charitable legal services organization and is not otherwise in violation of SCR 20:7.1.

[10] SCRs 22.03(2) and (6) provide as follows:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise.  The respondent shall fully and fairly

[COUNT IX] By filing a complaint in <u>Petrolon v. Badger Sheet Metal Works</u> that violated Wis. Stat. § 802.05(2), as subsequently determined by a court, Maynard violated SCR 20:3.1(a).[12]

---

disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

. . . .

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[11] SCR 20:8.4(h) states it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

[12] SCR 20:3.1(a) states:

(a) In representing a client, a lawyer shall not:

(1) knowingly advance a claim or defense that is unwarranted under existing law, except that the lawyer may advance such claim or defense if it can be supported by good faith argument for an extension, modification or reversal of existing law;

(2) knowingly advance a factual position unless there is a basis for doing so that it not frivolous; or

(3) file a suit, assert a position, conduct a defense, delay a trial or take other action on behalf of the client when the lawyer knows or when it is

¶11 On November 15, 2013, the OLR and Attorney Maynard entered into a stipulation whereby Attorney Maynard agreed that his conduct violated all of the supreme court rules referenced in the OLR's complaint. He further agreed that it would be appropriate for this court to impose the level of discipline sought by the OLR director, namely a one-year suspension of his license to practice law in Wisconsin.

¶12 Attorney Maynard states that he fully understands the misconduct allegations and the ramifications should this court impose a one-year license suspension. He also states that he fully understands his right to contest this matter and his right to consult with counsel. He represents that his entry into the stipulation is made knowingly and voluntarily.

¶13 Having carefully considered this matter, we approve the stipulation and adopt the stipulated facts and legal conclusions of professional misconduct. We also agree that a one-year suspension of Attorney Maynard's license to practice law in Wisconsin is appropriate. We note that in In re Disciplinary Proceedings Against Hahnfeld, 2012 WI 17, 338 Wis. 2d 740, 809 N.W.2d 382, an attorney's license was suspended for one year for six counts of misconduct relating to his continued representation of a client while suspended, his failure to disclose his suspension to the client or the OLR, and his failure to cooperate with the OLR; and three counts related

---

obvious that such an action would serve merely to harass or maliciously injure another.

11

to the attorney's failure to hold in trust that client's fees and refusal to refund fees when he was terminated by the client. Attorney Hahnfeld had two prior public reprimands and a 60-day license suspension, a more extensive disciplinary history than does Attorney Maynard. In addition, a component of Attorney Hahnfeld's misconduct involved client fees, whereas Attorney Maynard's misconduct did not involve any fee issues. On the other hand, Attorney Hahnfeld's conduct did not include making false representations to a court or filing a frivolous lawsuit, and Attorney Hahnfeld's case related to only one client whereas Attorney Maynard represented multiple clients while his license was suspended. On balance, however, the misconduct at issue in Hahnfeld and the misconduct at issue in this matter are somewhat similar, leading to the conclusion that a one-year suspension of Attorney Maynard's license is an appropriate sanction.

¶14 IT IS ORDERED that the license of John R. Maynard to practice law in Wisconsin is suspended for one year, effective the date of this order.

¶15 IT IS FURTHER ORDERED that the temporary license suspension of September 1, 2011, which arose out of Attorney Maynard's willful failure to respond or cooperate into the OLR's grievance investigation in this matter, is lifted.

¶16 IT IS FURTHER ORDERED John R. Maynard shall continue compliance with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.