# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2021AP1106-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Melinda R. Alfredson, Attorney at Law: |
| | Office of Lawyer Regulation, |
| |       Complainant, |
| |    v. |
| | Melinda R. Alfredson, |
| |       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST ALFREDSON

| | |
|---|---|
| OPINION FILED: | May 25, 2022 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per Curiam. | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2021AP1106-D

STATE OF WISCONSIN        :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Melinda R. Alfredson, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

    **v.**

**Melinda R. Alfredson,**

      **Respondent.**

**FILED**

**MAY 25, 2022**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review the report of the referee, the Honorable Sue E. Bischel, recommending that the court suspend the Wisconsin law license of Attorney Melinda R. Alfredson for one year, order her to pay restitution to a former client, and order her to pay the full costs of this disciplinary proceeding. Neither party has appealed from the referee's report and

recommendation, and thus our review proceeds under Supreme Court Rule (SCR) 22.17(2).[1]

¶2 We agree that Attorney Alfredson's professional misconduct warrants a one-year suspension and an order directing her to pay restitution to her former client. We further agree that Attorney Alfredson should pay the full costs of this proceeding, which total $2,552.11 as of March 14, 2022.

¶3 Attorney Alfredson was admitted to practice law in Wisconsin in 2009. She has been the subject of two prior attorney disciplinary proceedings. In 2017, Attorney Alfredson's law license was suspended for 60 days after she was found to have committed 16 counts of professional misconduct arising out of her representation of two clients, various trust account violations, and her failure to cooperate with the Office of Lawyer Regulation's (OLR) investigation. In re Disciplinary Proceedings Against Alfredson, 2017 WI 6, 373 Wis. 2d 79, 890 N.W.2d 13. In 2019, Attorney Alfredson's law license was suspended for 90 days, for having committed six counts of misconduct arising out of her representation of two clients, trust account violations, and her failure to cooperate with the

---

[1] SCR 22.17(2) provides:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

OLR's investigation. In re Disciplinary Proceedings Against Alfredson, 2019 WI 17, 385 Wis. 2d 565, 923 N.W.2d 869.

¶4 On June 29, 2021, the OLR filed a complaint alleging seven counts of professional misconduct in connection with her representation of L.P. L.P. retained Attorney Alfredson in April of 2018 to prepare the documentation to permit L.P. to serve as power of attorney for her son, J.P., and to reclaim funds alleged to be owed to J.P. by his employer. Attorney Alfredson was also retained to answer L.P.'s questions related to a criminal case involving J.P. J.P. was represented by another attorney in the criminal case. L.P. paid Attorney Alfredson a $1,500 advanced fee. There was no written fee agreement and Attorney Alfredson did not deposit the $1,500 advanced fee into a trust account.

¶5 On May 22, 2018, Attorney Alfredson's law license was suspended for noncompliance with mandatory continuing legal education (CLE) requirements. Her law license was not reinstated until November 28, 2018. During the period her law license was suspended, Attorney Alfredson provided legal services to L.P, as evidenced by billing invoices dated July 8, 2018. Attorney Alfredson also failed to provide L.P. with an itemized billing, despite L.P.'s request.

¶6 On September 1, 2018, L.P. asked Attorney Alfredson to commence legal proceedings against J.P.'s employer. The following month, L.P requested a status update and Attorney Alfredson informed L.P. the case had been filed in small claims court and later claimed that a hearing was scheduled on December

19, 2018. Attorney Alfredson's representations to L.P were false. Attorney Alfredson never filed the small claims case or scheduled the hearing. She also falsely mislead L.P into believing that Attorney Alfredson was busy "in court" at various times.

¶7 On February 26, 2019, in a proceeding unrelated to L.P., this court suspended Attorney Alfredson's law license for 90 days, effective April 9, 2019. In re Disciplinary Proceedings Against Alfredson, 385 Wis. 2d 565. The day after our opinion issued, Attorney Alfredson was entered as counsel of record for J.P. in a family law case. Attorney Alfredson never informed L.P that her law license had been suspended, and did not provide written notification to the court, or to opposing counsel of her inability to act as an attorney for J.P. due to her April suspension. On June 16, 2020, Attorney Alfredson's law license was again suspended for noncompliance with 2018-2019 mandatory CLE requirements. It remains suspended.

¶8 The OLR's complaint alleged the following counts of misconduct:

> **Count 1:** By failing to communicate to L.P in writing the scope of her representation or the basis or rate of her fee or expenses for which L.P would be responsible; and by failing to communicate to L.P. in writing the purpose and effect of the advanced fees that were paid to her, Attorney Alfredson violated SCR 20:1.5(b)(1)[2] and SCR 20:1.5(b)(2).[3]

---

[2] SCR 20:1.5(b)(1) provides:

> The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in

4

**Count 2:** By depositing the $1,500 advanced fee payment into her personal account rather than a client trust account, Attorney Alfredson violated SCR 20:1.15(b)(1).[4]

**Count 3:** By failing to file a small claims court action against J.P.'s employer, Attorney Alfredson violated SCR 20:1.3.[5]

**Count 4:** By failing to keep L.P. reasonably informed regarding the status of the small claims court action, Attorney Alfredson violated SCR 20:1.4(a)(3).[6]

---

writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate as in the past. If it is reasonably foreseeable that the total cost of representation to the client, including attorney's fees, will be $1000 or less, the communication may be oral or in writing. Any changes in the basis or rate of the fee or expenses shall also be communicated in writing to the client.

[3] SCR 20:1.5(b)(2) provides: "If the total cost of representation to the client, including attorney's fees, is more than $1000, the purpose and effect of any retainer or advance fee that is paid to the lawyer shall be communicated in writing."

[4] SCR 20:1.15(b)(1) provides:

A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

[5] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[6] SCR 20:1.4(a)(3) provides: "A lawyer shall keep the client reasonably informed about the status of the matter."

**Count 5:** By misleading L.P. that she was in court representing other clients, when she was purportedly in court observing random cases, and by informing L.P. that she had filed a small claims court action, when in fact she had not done so, in each instance, Attorney Alfredson violated SCR 20:8.4(c).[7]

**Count 6:** By providing legal counsel to L.P. while subject to a CLE and a disciplinary suspension, Attorney Alfredson violated SCR 31.10(1)[8] and SCR 22.26(2),[9] enforceable via SCR 20:8.4(f).[10]

---

[7] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[8] SCR 31.10(1) provides:

If a lawyer fails to comply with the attendance requirement of SCR 31.02, fails to comply with the reporting requirement of SCR 31.03(1), or fails to pay the late fee under SCR 31.03(2), the board shall serve a notice of noncompliance on the lawyer. This notice shall advise the lawyer that the lawyer's state bar membership shall be automatically suspended for failing to file evidence of compliance or to pay the late fee within 60 days after service of the notice. The board shall certify the names of all lawyers so suspended under this rule to the clerk of the supreme court, all supreme court justices, all court of appeals and circuit court judges, all circuit court commissioners appointed under SCR 75.02(1) in this state, all circuit court clerks, all juvenile court clerks, all registers in probate, the executive director of the state bar of Wisconsin, the Wisconsin State Public Defender's Office, and the clerks of the federal district courts in Wisconsin. A lawyer shall not engage in the practice of law in Wisconsin while his or her state bar membership is suspended under this rule.

[9] SCR 22.26(2) provides:

An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other

6

**Count 7:** By failing to provide written notification to the court and the attorney for each party in <u>In Re: the Support or Maintenance of</u>, Brown County Case No. 2013FA862 of her disciplinary suspension and her consequent inability to act as an attorney following the April 9, 2019, [suspension order], Attorney Alfredson violated SCR 22.26(1)(c),[11] enforceable via SCR 20:8.4(f).

¶9 Attorney Alfredson admitted service of the OLR complaint and initially, it appeared that the parties would resolve this matter by stipulation. However, Attorney Alfredson failed to timely sign and return the proposed stipulation. This court appointed Referee Bischel and the OLR asked the referee to enter a default judgment. The referee issued a scheduling order affording Attorney Alfredson an opportunity to move to extend her time to file an answer, but warned Attorney Alfredson that

paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law

[10] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to violate a statute, supreme court order or supreme court decision regulating the conduct of lawyers."

[11] SCR 22.26(1)(c) provides:

On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

such a motion must be accompanied by an affidavit setting forth facts establishing good cause for her failure to timely answer. On the afternoon of the deadline, Attorney Alfredson moved to extend the deadline, but her motion was not accompanied by an answer. The OLR objected to further extensions. The referee considered the motion and supporting affidavit and determined that Attorney Alfredson had failed to establish good cause for her failure to file an answer for more than six months. Accordingly, the referee denied Attorney Alfredson's motion and declared her in default.

¶10 The referee then found that the allegations of the complaint were unrefuted and that the OLR had proven the factual allegations of the complaint as to all seven counts, and concluded that the uncontested allegations establish that Attorney Alfredson violated each of the Supreme Court Rules as alleged in the OLR complaint.

¶11 The referee thoroughly considered the appropriate discipline, taking into account the seriousness, nature, and extent of Attorney Alfredson's misconduct, the level of discipline needed to protect the public, and the need to impress upon Attorney Alfredson the seriousness of her misconduct and to deter other attorneys from committing similar misconduct. The referee considered Attorney Alfredson's misconduct to be serious and extensive and reflecting "total disregard for Supreme Court Rules." Given her previous misconduct, the referee deemed increased progressive discipline "obviously necessary" to protect the public.

8

¶12 The referee identified several aggravating factors, including but not limited to Attorney Alfredson's false statements, and determined that the imposition of a one-year suspension of Attorney Alfredson's license is appropriate and generally consistent with similar cases. See, e.g., In re Disciplinary Proceedings Against Maynard, 2014 WI 13, 352 Wis. 2d 629, 845 N.W.2d 648 (imposing one-year suspension on attorney who committed analogous misconduct who had previously received a 90-day suspension); In re Disciplinary Proceedings Against Dumke, 216 Wis. 2d 475, 574 N.W.2d 241 (1998) (imposing one-year suspension on attorney who committed analogous misconduct who had previously received a six-month suspension).

¶13 The referee thus recommended a one-year suspension of Attorney Alfredson's license, restitution of $250 to L.P., and that Attorney Alfredson be held responsible for the full costs of this disciplinary proceeding, which total $2,552.11 as of March 14, 2022.

¶14 No appeal was filed, so we review this matter pursuant to SCR 22.17(2). We will affirm the referee's findings of fact unless they are clearly erroneous. We review conclusions of law de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. We may impose whatever sanction we see fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶15 There is no showing that any of the referee's findings of fact are clearly erroneous, and we adopt them. We also agree

9

with the referee's legal conclusion that Attorney Alfredson violated the Supreme Court Rules noted above. We previously warned Attorney Alfredson "that the court may impose progressively severe sanctions when an attorney engages in repeated misconduct." In re Disciplinary Proceedings Against Alfredson, 2019 WI 17, ¶29, 385 Wis. 2d 565, 923 N.W.2d 869. Attorney Alfredson is now back before us a third time and progressive discipline is clearly merited. In re Disciplinary Proceedings Against Netzer, 2014 WI 7, ¶49, 352 Wis. 2d 310, 841 N.W.2d 820 ("[t]his court has long adhered to the concept of progressive discipline in attorney regulatory cases.") We agree that a one-year suspension and restitution of $250 to L.P is appropriate. As is our normal practice, we find it appropriate to impose the full costs of this disciplinary proceeding on Attorney Alfredson. See SCR 22.24(1m).

¶16 IT IS ORDERED that the license of Melinda R. Alfredson is suspended for a period of one year, effective the date of this order.

¶17 IT IS FURTHER ORDERED that within 60 days of the date of this order, Melinda R. Alfredson shall pay $250 in restitution to L.P.

¶18 IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶19 IT IS FURTHER ORDERED that within 60 days of the date of this order, Melinda R. Alfredson shall pay to the Office of

Lawyer Regulation the costs of this proceeding, which are $2,552.11 as of March 14, 2022.

¶20 IT IS FURTHER ORDERED that Melinda R. Alfredson shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶21 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).